## SMITH *v.* MORSE.

1. Where the covenant in a submission to arbitration, after referring certain claims to the decision of arbitrators, and an umpire, if necessary, adds the words, "as provided in articles of submission this day executed," and no such articles, in fact, ever had any existence, the declaration in an action for breach of the covenant need not refer to any such articles. Proof that no such articles ever had any existence will answer any objection of a variance between the covenant stated in the declaration and the covenant contained in the submission.

2. Where the agreement in a submission to arbitration provides that certain claims shall " be referred to the final decision and arbitration " of parties designated, " and an umpire, if needful," the arbitrators are author-ized, in case of their disagreement, to appoint an umpire. It will be presumed that the parties intend that the usual mode shall be followed in the appointment, in the absence of any different designation; and the usual mode is by the act of the arbitrators themselves.

3. An agreement to submit matters to arbitrators, and to an umpire, if needful, carries with it the further agreement to abide the award which they may render, or, in case of their disagreement, which he may render. The law implies an agreement to abide the result of an arbitration from the fact of submission.

4. Where an agreement providing for the settlement of certain claims, and the submission of other claims to arbitration is signed by an agent for his principal in the name of the latter, and the latter accepts the settle-ment and brings an action upon the covenant contained in the submis-sion, he thereby adopts and ratifies the acts of the agent.

5. Where an instrument, executed by an agent, shows on its face the names of the contracting parties, the agent may sign his own name first and add to it, "agent for his principal," or he may sign the name of his principal first, and add, by himself as agent. Either form may be fol-lowed; all that is required in such case is that the contract shall purport on its face to be the contract of the principal.

6. Where. an instrument provides for the settlement of certain claims between certain parties, and the submission of other claims between other parties, the latter parties should only be named in actions upon the covenant of submission, although the instrument be signed by all the parties named therein.

ERROR to the Circuit Court for the Southern District of New York. The case being this:

Litigation had been subsisting between S. B. F. Morse and the executors of Alfred Vail, against F. O. I. Smith, arising out of certain agreements concerning Morse's telegraph; all suits and causes of action, however, between the parties, and also, all causes of action, of which it was alleged there were some, between Amos Kendall (who stood in certain relation to Morse and the executors) and this same F. O. I. Smith, had been amicably adjusted and settled, with two exceptions:

1st. A claim for stock and dividends in the Washington and New Orleans Telegraph Company, on the part of Smith against Morse, and the executors of Vail, and also, a like claim on the part of Morse and executors against Smith.

2d. A claim of Smith against Morse for moneys received for the invention of the telegraph from sources out of the United States.

The former of these, by an instrument under seal, containing covenants of settlement of various disputes, in which Kendall was personally interested, and reciting that Kendall was the agent of Morse and of the executors of Vail, and as such agent had made settlement between them of the other disputes, it was agreed should " be referred to the final decision and arbitration of T. R. Walker and W. H. O. Alden, and an umpire, if needful, *as provided in articles this day executed.*" The covenant of submission was exclusively between Morse and the executors on one side, and Smith on the other, the parties to the suit, in which Kendall had no personal interest, and concluded thus, it being properly witnessed:

" In testimony of all which, said [parties] have hereunto signed

their names and affixed their respective seals at the city of New York, on this 8th day of October, A.D. 1859, in duplicate.

"F. O. I. SMITH,      [SEAL.]

"AMOS KENDALL,      [SEAL.]

"For himself, and as agent for S. F. B. Morse,

and the executors of Alfred Vail, deceased."

On the back of the submission a memorandum was made about two months after the submission itself, thus:

" We, the within-named parties, hereby agree and bind ourselves to abide and perform the award of *the within-named arbitrators*, without exception to or appeal from *their* decision.

"F. O. I. SMITH,

"AMOS KENDALL,

"For himself, and as agent for S. F. B. Morse,

and the executors of Alfred Vail.

"NEW YORK, December 13th, 1859."

The case was heard before the arbitrators, who disagreed, and appointed one Mann as umpire. The case was again heard before him, all parties appearing with their proofs—Kendall appearing throughout, without objection from Smith, as agent of Morse and Vail's executors—and he made his award in favor of Morse and the executors, of certain amounts, payable in stock and in money. These Smith refused to pay. Thereupon Morse and the executors brought suit in the court below against Smith, for an alleged breach to perform the award. The declaration counted on the submission already set forth, but omitted the words above given in italics " *as provided in articles this day executed.*"   And on that submission being offered in evidence its introduction was objected to on the ground of variance.  The articles were not produced at the trial, nor before the arbitrators or umpire, and, in truth, had no existence.  The facts, as appeared from the proofs, were, that the parties through their friends had informally agreed on the terms of the submission which were incorporated in the formal submission under seal, and that the draftsman, who as shown by the way in which he had drawn his instrument, was not an accomplished clerk, had

probably in his mind this informal previous arrangement in the reference made by him. Both parties, at all events, appeared before the arbitrators and umpire, and no notice was taken of this part of the submission, and no objection made on account of the non-production of the articles, all parties assuming that the submission under seal contained the whole of the terms agreed upon. The court below admitted the submission in evidence.

Another objection was that there was no authority to appoint an umpire. On this point some correspondence between one Cooper, and Kendall, and Smith, was offered in evidence, containing a proposition to submit a claim of Smith to arbitrators, in one letter of which, dated October 5th, referring to the submission, the words " an umpire to be appointed if they do not agree," did not appear; and also the memorandum of December 13th, 1859, indorsed on the policy. The court received the evidence under objection.

Another objection was that the submission was signed by Kendall individually, and that he was not made a party to the suit.

And a final one, that Kendall, who executed the submission as agent for Morse and the executors of Vail, had no power or authority as agent, nor was any shown, to do the act; and that the manner in which his authority, if he had any, was exercised, was defective in this, that he did not sign the name of his principal and then add by himself as agent.

The court overruled all the objections, and verdict and judgment having been given for the plaintiffs, Smith now brought the case here.

*Mr. R. H. Huntley, for the plaintiff in error:*

1. Greenleaf, in his work on Evidence,* says:

" If a qualified covenant be set out in the declaration as a general covenant, *omitting the exception or limitation,* the variance between the allegation and the deed will be fatal.'

---

* § 69.

Counsel for the defendant in error.

That the covenant in the submission did not contain the final agreement of the parties as to arbitration, and was not intended to contain such final agreement, is clear from the fact that the parties deemed a further agreement necessary, and intended at once and on the same day to "provide" and "execute" "articles of submission." But this was not done. The parol proof received was a dangerous and improper sort of testimony.

2. The appointment of an umpire was unauthorized.

The Cooper letter of October 5th shows this. And on the 13th of December an indorsement is made on the submission, by which the parties agree to abide the award of the within-named *arbitrators*, the idea of an umpire being palpably excluded.

3. The submission was not signed by any authorized agent of the plaintiffs. There is no proof that Kendall was their agent, or that they authorized him to sign for them, or to affix their seal to this instrument.

The *mode* of signing here also claims attention. Kendall first binds himself; but, as he is not a party to the suit, that is immaterial at present; and then he adds, " and as agent for S. F. B. Morse and the executors of Alfred Vail, deceased." This does not bind Morse, even, much less " the executors of Alfred Vail, deceased," who are not even named.*

4. Kendall should have been made a party to this action. This rule is as old as the time of Yelverton. In a case from that authoritative reporter† we find the law thus laid down:

"In an action between A. and B. of one part, and C. of the other part, among other covenants there is one thus, viz.: It is agreed between the parties that C. shall enter into a bond to B., to pay him £100 at a day; in an action for nonperformance A. and B. must join."

*Mr. C. Tracey, contra.*

* Bacon's Abridgment, Tit. Leases, I, 10; Clarke *v.* Courtney, 5 Peters, 319–350; Stackpole *v.* Arnold, 11 Mass. 27.

† Page 177.

Mr. Justice FIELD delivered the opinion of the court.

Several objections were taken, in the court below, to a recovery by the plaintiffs, the principal of which, and the only objections requiring notice, were substantially these: that there is a variance between the covenant to submit, stated in the declaration, and the covenant in the submission produced; that the submission contains no authority to the arbitrators to appoint an umpire, and no agreement to abide any award rendered by him; that Kendall was not authorized to sign the submission for the plaintiffs, and, if authorized, the manner in which his authority was exercised was defective; and that there is a defect of parties plaintiffs, Kendall having signed the submission and not having joined in the action.

1st. The supposed variance between the covenant stated in the declaration and the covenant contained in the submission, arises from the fact that the submission, after referring the claims mentioned to the decision of the arbitrators, and an umpire, if necessary, adds the words, " as provided in articles of submission this day executed," and the declaration makes no mention of any such articles. In truth, no such articles ever had any existence, and the insertion of the words relating to such supposed articles probably arose from the carelessness or unskilfulness of the draftsman who prepared the formal submission. Previous to its preparation, the parties had informally agreed upon the terms of the submission, which were incorporated into the instrument signed, and the draftsman no doubt had this informal arrangement in his mind in the reference made. Be this as it may, the articles named having no existence—and this fact was established by the proofs in the case—formed no part of the contract of submission, and ought not, therefore, to have been stated in the pleadings.

On the hearing before the arbitrators, and subsequently before the umpire, no allusion was made to any such articles, nor was any objection taken on account of their absence. The parties treated the instrument under which the submission was made, as embracing the whole of the terms stipulated between them.

2d. The agreement in the submission that the claims designated should "be referred to the final decision and arbitration" of parties designated, "and an umpire, if needful," authorized the arbitrators, in case of their disagreement, to appoint an umpire. It will be presumed that the parties intended that the usual mode should be followed in the appointment, in the absence of any different designation; and the usual mode is by the act of the arbitrators themselves. So the agreement to submit the matter to arbitrators, and to an umpire, if needful, carried with it the further agreement to abide the award which they might render, or, in case of their disagreement, which he might render. The law implies an agreement to abide the result of an arbitration from the fact of submission.

3d. The objection from Smith that Kendall was not authorized to sign the submission for the plaintiffs comes too late. That instrument recites that Kendall was the agent of Morse and the executors of Vail, and as such agent he makes the settlement mentioned therein between them and Smith, and agrees to submit the disputed claims between them to arbitration. That instrument Smith signs, and thus becomes a party to the settlement and submission, and must have been satisfied of the sufficiency of the authority upon which Kendall acted. And this is not all: throughout all the proceedings before the arbitrators and the umpire, Kendall represented the plaintiffs, and Smith, who appeared in person on the other side, took no exception to his authority. But if the authority had been originally insufficient, the plaintiffs have adopted and ratified his acts by accepting the settlement made by him on their behalf, and by bringing the present action upon the covenant contained in the submission.

The manner in which Kendall executed his authority is not open to the criticism of counsel. Where an instrument shows on its face the names of the contracting parties, the agent may sign his own name first, and add to it, as in the present case, agent for his principal, or he may sign the name of his principal first, and add, by himself as agent. Either

form may be followed; all that is required in such case is that the contract shall purport on its face to be the contract of the principal.* .

4th. There is no defect of parties plaintiffs. Kendall had no cause of action against Smith, or against any other party to the submission. He signed that instrument only for the purpose of settling various causes of action in which he was personally interested. The agreement of submission was exclusively between the parties to the present action. The award followed the submission, and neither adjudged anything to Kendall or against him.

In coming to the conclusion we have upon the objections of the defendants, we have not regarded the memorandum between the parties, made on the 13th of December, 1859, or the previous correspondence with Cooper, as affecting in any respect the terms or character of the submission. Those documents were admissible to show that no articles of submission were ever executed, as mentioned in the sealed instrument, that the defendant recognized the authority of Kendall, and that both Smith and Kendall treated the sealed instrument as containing the whole of the stipulations between the parties, and went to the hearing before the arbitrators and umpire with that understanding.

JUDGMENT AFFIRMED.

---

* 1st American Leading Cases, 605; notes to Elwell *v.* Shaw.