[18005. Department One. — April 8, 1893.]

## A. M. CLARK ET AL., RESPONDENTS, v. E. W. CHAPMAN, APPELLANT.

ARBITRATION — GUARANTY — ERASURE OF NAME OF PARTY FROM AGREEMENT TO ARBITRATE — MISDESCRIPTION IN UNDERTAKING — IMMATERIAL VARIANCE. — Where an undertaking guaranteed the payment of any sum found due to one of the parties to an agreement of arbitration, and to indemnify him against loss by reason of the surrender of property to the arbitrators, and described the agreement of arbitration accurately, excepting that it mentioned the name of another person as party to the agreement, whose name had been erased therefrom with the mutual consent of all the parties thereto, and it appeared that the attorney for the guarantor witnessed the erasure, that the matter was arbitrated without objection, and that the person indemnified by the undertaking surrendered property in his possession pursuant to the agreement of arbitration, no substantial variance is shown between the agreement of arbitration and the undertaking which could mislead the guarantor, the variance not being as to the measure of his liability, but merely as to the identity of the agreement upon which the guaranty was founded.

ID. — CONSIDERATION OF GUARANTY. — The contract of guaranty in such case is supported by the consideration of the execution and filing of the agreement of submission, notwithstanding the variance in the description of that agreement, and also by the surrender to the arbitrators of the property therein provided to be surrendered by the person for whose benefit the contract of guaranty was made.

ID. — RE-IMBURSEMENT OF GUARANTOR — SUBROGATION — ASSIGNMENT OF JUDGMENT AGAINST PRINCIPAL — CONDITION OF RECOVERY. — A guarantor, like a surety, is entitled to be re-imbursed by enforcing any remedy which the creditor then has against his principal, and if he satisfies a judgment obtained against him upon

the guaranty, he will be entitled to an assignment of a judgment rendered in favor of the obligee to whom the guaranty was given against the principal obligor; but such assignment is not a condition precedent to a recovery upon the guaranty by the obligee or his assignee.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*T. M. Osmont,* for Appellant.

*Van Meter & Warlow,* for Respondents.

SEARLS, C. — This is an appeal from a final judgment in favor of plaintiffs, and from an order overruling a motion for a new trial.

On the twenty-fourth day of May, 1888, J. G. Wofford, the assignor of the respondents, S. G. Boyd, E. W. Chapman, the appellant, and E. H. Fleming, entered into a written agreement of arbitration of certain differences existing between them, growing out of and relating to certain commissions claimed by Wofford from Chapman and Fleming, for the sale of fruit and ornamental trees and cactus hedge plants; for salary claimed to be due him; also, for an amount claimed to be due him and Boyd from all the others on account of moneys, notes, etc., received by such others from the sale of cactus hedge plants in Merced County, where said Wofford and Boyd claimed an interest in the sales.

The name of one J. H. Hamilton was originally written in the body of the agreement of arbitration as a party thereto, but was erased therefrom, as appears by a note at the bottom of the instrument, which note is as follows: —

"Name of J. H. Hamilton erased wherever occurring in this instrument.

(Signed,)                        "H. S. DIXON,
                                 "S. W. GEIS,
                                 "G. G. GOUCHER."

Dixon was the attorney of Chapman, and Geis and Goucher were attorneys of Wofford.

On the day of the execution of the agreement to arbitrate, viz., May 28, 1888, E. W. Chapman, the appellant, entered

into a written agreement with J. G. Wofford, in the following language:—

"In consideration of the execution and filing in the superior court of the state of California, in and for the county of Fresno, by him of a certain agreement of submission to arbitration, dated this day, to which J. H. Hamilton, E. W. Chapman, S. G. Boyd, and E. H. Fleming are parties, submitting to arbitration the divers matters specified therein; and of the faithful performance by him of all his obligations entered into under and by virtue of said agreement, I, E. W. Chapman, of the county of Fresno, state of California, do hereby covenant and agree with J. G. Wofford, of the same place, that I will and shall save him, said Wofford, harmless against all loss of any and all lawful claims he may establish before the arbitrators appointed in said agreement, by reason of his surrender to them of any of the property or effects involved in said controversies so to be decided; and that I will and do hereby guaranty said Wofford that he shall have immediate payment of any and all sums found by said arbitrators due him upon the settlement of the affairs and accounts involved in the matters submitted to said arbitrators by said agreement, upon the final determination of the matters so submitted to said arbitrators.

"FRESNO, May 24, 1888.            E. W. CHAPMAN."

On the same paper, below the foregoing agreement, the following appears:—

"I hereby obligate myself to said Wofford in manner and form above written.            ED. H. FLEMING."

The agreement of submission to arbitration was filed in the superior court of Fresno County on the day of its execution, viz., May 24, 1888.

The arbitrators named in the agreement met, received from Wofford a surrender of certain horses, wagons, harness, promissory notes, and other assets, as provided in the agreement of arbitration, and on the eighteenth day of July, 1888, filed their findings and award in the proceedings with the clerk of the superior court of Fresno County, in which, among other things, the sum of $1,454.11 was found to be due to J. G. Wofford from E. H. Fleming. The agreement to arbitrate provided

therefor, and such proceedings were had thereupon, that on the 27th of July, 1888, judgment in favor of Wofford, and against E. H. Fleming, for $1,454.11 was entered in the superior court of Fresno County. At the date of the entry of judgment, the defendant therein, E. H. Fleming, was the owner of lots 11, 12 and 13 in block 107, of Fresno City, valued at about $3,500, upon which there was of record mortgages amounting to $3,200, although in fact one of them for $1,500 had been paid. Fleming, on the 7th of August, 1888, conveyed these lots to one Burns. Execution issued on the Wofford judgment September 22, 1888, was levied upon the three lots above mentioned, and at a sale thereunder, on the 10th of November following, they were bid in for $25 by Wofford, from whom they were redeemed by Fleming on the 8th of May, 1889. At the date of the sale, and ever since said date, Fleming has been insolvent, and had no property except the lots in question. On the 17th of October, 1888, Wofford assigned to Clark and McKenzie the guaranty from Chapman, receiving therefor the entire amount due him, viz., $1,454.11 and interest. No payments having been made thereon, the assignees brought this action and recovered judgment in the court below.

As will appear from the foregoing statement, the name of J. H. Hamilton is mentioned as a party to the contract of arbitration in the guaranty of defendant Chapman, while in the agreement to arbitrate, filed in the superior court, the name of Hamilton does not appear. Defendant objected, when the contract of arbitration was offered in evidence, upon the ground that this variance was fatal, and his objection being overruled and the agreement admitted in evidence, he afterwards made the same point on motion for a nonsuit, which was denied; and these rulings are the basis of the first error assigned.

Appellant admits that *an* agreement to arbitrate was filed in the superior court, but claims that inasmuch as the name of J. H. Hamilton did not appear as a party thereto, it was not *the agreement* specified in the guaranty.

Section 469 of the Code of Civil Procedure provides that "no variance between the allegations in pleading and the proof is to be deemed material unless it has actually misled the adverse party."

Was the defendant misled by the variance?

1. The object of the reference to the contract to arbitrate in the contract of indemnity was to identify the subject-matter upon which defendant's liability was based. It described the contract of submission to arbitration accurately as to date, as to questions to be submitted, property to be surrendered to the arbitrators, court in which the submission was to be filed. In short, in all respects identically, except that as filed the name of Hamilton was erased.

When we consider that this seems to have been done by the mutual consent of all the parties, that the attorney of defendant witnessed the erasure of Hamilton's name from the contract of submission, that the matter was arbitrated without objection, so far as appears, that Wofford surrendered the property in his possession as provided in such agreement, it is hard to see that Chapman was misled. *Non constat* but that the insertion of the name of Hamilton in the two instruments was a mere clerical error which might be disregarded or corrected by the parties thereto at their will. The question is not one in which the variance is as to the measure of defendant's liability, but rather as to the identity of the subject-matter upon which that liability is founded.

The responsibility of defendant as measured by his guaranty was founded upon a certain arbitration and the results flowing therefrom, and any indices identifying that arbitration with certainty are deemed sufficient.

*Zeigler* v. *Wells, Fargo & Co.*, 28 Cal. 264, was a case in which the defendants were sued as common carriers for the loss of a draft sent through them, and described as being signed by "John Q. Jackson." The proof showed that it was signed "John Q. Jackson, Agent," and the court held the variance between the allegation and proof immaterial.

*Smith* v. *Morse*, 9 Wall. 76, was an action upon a breach of covenant to perform the award of arbitrators. The agreement to refer to arbitrators contained this clause: "as provided in articles this day executed." The declaration in the case counted on the submission omitting the sentence quoted, and on the submission being offered in evidence containing the quoted clause, its admission was objected to on the ground of variance. In

fact, no articles of submission had ever been executed, and it so appeared at the trial, whereupon the court held there was no variance.

I regard the error assigned as not well taken.

2. It is urged that there was no sufficient consideration for the contract of guaranty entered into by defendant.

The first specification of insufficiency is based upon the theory that defendant's guaranty was based upon the consideration of the execution and filing in the superior court of the contract of submission containing the name of J. H. Hamilton, whereas in fact no such agreement was ever executed and filed. This allegation of error is answered in the discussion of the question of variance, in which it is held the contract of submission was substantially the same as specified in the contract of guaranty, and varied therefrom only as by consent of all the parties, defendant included.

A further consideration for the guaranty is to be found in the surrender to the arbitrators by Wofford of the property in his possession, as provided for therein.

The second specification, as to the sufficiency of evidence to justify the findings and decision, is based upon the supposed agreement between Wofford and Chapman that the former should purchase the town lots of the judgment debtor, Fleming, at the face of the judgment on a sale under execution, and upon full payment by Chapman should assign the certificate of sale to the latter. The evidence as to this agreement involved a substantial conflict. The finding was against the defendant, and upon well-established principles will not be disturbed by this court.

Wofford exhausted the lien of his judgment upon all the property of the defendant therein, and the sum bid, $25, was not disproportionate to the value of the property after deducting the apparent liens thereon.

The fact that one of the mortgages had in fact been paid, although not so appearing of record, does not seem to have been known at the date of the sale and purchase by Wofford.

A guarantor, like a surety, is entitled to be re-imbursed by enforcing any remedy which the creditor then has against the principal, and if defendant satisfies the judgment herein he will

be entitled to an assignment of the judgment against Fleming; but such assignment is not a condition precedent to recovery.

I am of opinion the conclusion reached by the court below was correct, and advise that the judgment and order overruling the motion for a new trial be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.

Hearing in Bank denied.

Chief Justice Beatty dissented from the order denying a hearing in Bank, and filed the following opinion on the 31st of April, 1893:—

BEATTY, C. J. — I dissent from the order of the court denying a rehearing of this cause, not because any of the propositions stated in the opinion of the Department is incorrectly decided, but because the principal assignment of error presented and argued in the brief of appellant is entirely ignored.

The action is upon the undertaking of defendant guaranteeing the payment of the judgment of Wofford against Fleming. The complaint shows an assignment of the undertaking of the surety, but does not show any assignment of the judgment, and the contention of the appellant is that there can be no recovery against the surety by one party while the obligation of his principal is held by another. This proposition is seriously urged, and is supported by authority. It does not answer itself and is not trivial. I do not think the case should be disposed of without a reference to it, or that the petition for a rehearing, based upon the omission of the court to notice it, should be denied.