[S. F. No. 1827.   Department One.—February 6, 1900.]

JOHN W. RYLAND, Respondent, v. COMMERCIAL AND SAVINGS BANK OF SAN JOSE, Appellant.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — PAYMENT OF NOTE BY SURETIES—CREATION OF NEW DEBT—STATUTE OF LIMITATIONS.—The payment of the note of a corporation by sureties thereupon creates a new and distinct debt against the corporation and its stockholders, for reimbursement of the sureties; and the statute of limitations only begins to run against the sureties from the date of payment of the debt, and not from the date of the original obligation.

ID.—PAYMENT AFTER THREE YEARS.—The payment of the note by the sureties after the lapse of three years from its date, while the note was not barred by the statute, cannot operate to relieve the stockholders of the corporation from liability to reimburse the sureties, for a payment made within three years before the commencement of the action, notwithstanding at the time of the payment no action could have been brought by the payee of the note against the stockholders.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. S. Kittredge, Judge.

The facts are stated in the opinion.

Jackson Hatch, for Appellant.

S. F. Leib, for Respondent.

CHIPMAN, C.—Action against defendant as a stockholder in the Paul O. Burns Wine Company, a corporation.   Defendant pleaded the statute of limitations by demurrer, which being overruled, and defendant declining to answer, judgment passed for the plaintiff, from which this appeal is prosecuted. On August 15, 1894, the wine company was indebted to defendant and others in the sum of $30,000, to pay which it on that day made to defendant three promissory notes for $10,000 each, payable respectively September 25, 1894, October 15, 1894, and November 15, 1894, and they were indorsed by plaintiff and his assignors; on July 27, 1895, the wine company borrowed from one Cozzens the sum of $10,000, payable one year after date,

said money being borrowed to pay the above note for $10,000 falling due September 25, 1894, and it was so paid by the wine company; plaintiff and his assignors indorsed the note given to Cozzens; the wine company paid these several liabilities in part, and plaintiff and his assignors were compelled to pay the balance, which they did as follows: January 21, 1897, $3,000 on the Cozzens note; January 25, 1897, $400 to defendant; January 28, 1897, $20 to defendant; April 8, 1897, $1,200 on Cozzens' note; April 8, 1897, $1,150 to defendants; April 8, 1897, $50 to defendant; February 21, 1898, $6,073.75 to defendant on the note due October 15, 1894; February 21, 1898, $2,234.75 on the Cozzens note. The complaint was filed August 23, 1898.

Appellant's contention is, that the indebtedness of the wine company amounting to $30,000 on August 15, 1894, was created on that day within the meaning of section 359 of the Code of Civil Procedure, and the statute of limitations commenced to run in favor of appellant as a stockholder on that day, at least as to the $20,000 represented by the two notes which were then given, maturing respectively October 15, 1894, and November 15, 1894, and that the statute began to run as to the remaining $10,000 note at least as early as July 27, 1895, when the $10,000 note was given to Cozzens; that unless the payment by the sureties can be held to be the creation of an entirely new indebtedness of the wine company to them, and consequently of the wine company's stockholders to them, or in some way stopped the running of the statute, the judgment was erroneous.

Respondent's contention is, that the action is upon an indebtedness created by the fact that a payment was made by a surety of his principal's debt; that this debt is from the principal to the surety, and is not the other debt for which both were bound to the payee of the notes; that it is an entirely new and distinct debt, as would be the debt created had the principal borrowed the money from the surety, or from some one else, and with the money thus borrowed had paid the notes. In respondent's view of the case we concur. Plaintiff's and his assignors' primary liability was to the payee of the notes; by signing the notes they became responsible to the payee for the performance of the obligation of the wine company. (Civ. Code, sec. 2831.) When they, as sureties, paid the obligations the wine company be-

came bound to reimburse them (Civ. Code, sec. 2847); and not until the sureties had discharged the obligation of the principal, or some part of it, did any liability from the principal to the sureties arise. The statute of limitations, as against the payee, began to run in favor of the stockholders of the wine company at the date of the notes (*Hunt v. Ward*, 99 Cal. 612; 37 Am. St. Rep. 87); but as there was as yet no liability of the stockholders to the sureties there was nothing, so far as concerned the sureties, for the statute to operate upon. The statute could not be set in motion against the sureties until a liability to them had arisen, and no liability arose until they paid the debt of their principal or some part of it.

The rule is thus stated by Mr. Wood in his work on Limitations, volume 1, page 394: "Where a surety is compelled to pay a debt, the statute begins to run against his claim from the day of such payment, and not from the date of the original obligation" (see, also, 1 Brandt on Suretyship, sec. 230; see, also, cases cited in 24 Am. & Eng. Ency. of Law, 792); and there can be no different rule where the principal is a corporation.

It appears from the complaint that the executors of Peter O. Minor, deceased, one of the sureties, paid $6,073.75 on the note falling due October 15, 1894, and appellant claims that this payment being made more than three years after the note was due the debt arising from the payment was barred as to the stockholders by section 359 of the Code of Civil Procedure, and, therefore, the judgment should be modified by striking from it the proportionate share of the $6,073.75 of appellant. The rule above quoted from Wood on Limitations is subject to the exception that the surety must have paid the original debt before the statute had run thereon (1 Wood on Limitations, 398); for the law will not raise a promise on the part of the principal to reimburse the surety where the surety was under no legal obligation to pay. But the surety was under obligation to the payee of the note, jointly and severally with the wine company, for four years after it became due; no liability of the corporation or its stockholders to the surety arose until he paid the note or some part of it, and as, in the present case, he paid within the time during which he was liable to the payee, the case is not within the exception above stated, and the statute as to him

began to run from the date of payment by him. The liability of the corporation to the payee was not barred until after four years elapsed, although the payee could not sue the stockholders on the note after three years. But this is not the liability of the stockholders to the surety. The law implied an agreement on their part to indemnify the surety whenever he paid the obligation, and this implied agreement was distinct from their liability to the payee; the right of action upon the liability arising out of this implied agreement accrued upon payment by the surety and not before, and it must follow that section 359 refers to this liability arising out of the agreement of the stockholders to indemnify the surety, and not out of the original obligation of the corporation to the payee.

The judgment should be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.