[Civ. No. 885.   Second Appellate District.—May 15, 1911.]

## FIRST NATIONAL BANK OF REDLANDS, a Corporation, Respondent, v. CONSOLIDATED LUMBER COMPANY, a Corporation, Appellant.

CORPORATIONS—GUARANTY OF FUTURE PAYMENT OF NOTE—LIABILITY OF STOCKHOLDERS — STATUTE OF LIMITATIONS.—Where a corporation guaranteed the payment of a note payable thereto, at maturity, in consideration of the purchase thereof by the plaintiff bank, the liability of its stockholders on the contract of guaranty was created at the date of the guaranty, and not at the maturity of the note, and was barred within three years from the date of such contract of guaranty.

ID.—CREATION OF LIABILITY OF CORPORATION—TIME OF ENFORCEABILITY. Although the liability incurred by the corporation is not enforceable until the maturity of the note and default by the makers thereof, yet its liability was created by the guaranty, and not by the time of enforceability.

ID.—LIABILITY NOT DEPENDENT ON IMMEDIATE ENFORCEABILITY.— Liability does not depend for its existence upon the fact that it is immediately enforceable, but may exist without the right of immediate enforcement.

ID.—ABSOLUTE LIABILITY — ENFORCEMENT DEPENDENT ON CONTINGENT EVENT—DISTINCTION.—Under the terms of the contract of guaranty, the liability of the corporation was absolute, although the right of the plaintiff to enforce such liability was dependent upon the happening of a contingent event, namely, the default of the makers at maturity.  But such contingent event cannot make the liability contingent.  There is a marked distinction between a contingent liability, and the right dependent upon the happening of an event to enforce an existing liability.   .

APPEAL from a judgment of the Superior Court of San Bernardino County.   F. E. Densmore, Judge, presiding.

The facts are stated in the opinion of the court.

W. W. Middlecoff, and Horace S. Wilson, for Appellant.

Halsey W. Allen, for Respondent.

SHAW, J.—The Newport Lumber Company, a corporation, owned a negotiable promissory note, dated August 16, 1905,

which by its terms was payable on February 16, 1906. On August 31, 1905, the corporation sold and transferred the note to plaintiff, and at the same time, and in consideration of plaintiff purchasing the same, executed and indorsed upon the back of said note a guaranty of the payment thereof as follows: ''For value received, we hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of eight per cent per annum until paid, waiving demand, notice of nonpayment and protest.'' At the time of the execution of this contract of guaranty defendant was a stockholder of said corporation, Newport Lumber Company. The makers of the note failing to pay the same in full, plaintiff, on February 13, 1909, instituted this action to recover upon the statutory liability of defendant by reason of said contract of guaranty made by said Newport Lumber Company, of which defendant was a stockholder.

Plaintiff obtained a judgment and defendant appeals therefrom upon a bill of exceptions.

The only point involved on the appeal is whether or not the action was barred by the statute of limitations as declared in section 359, Code of Civil Procedure, which provides that actions against stockholders of a corporation to enforce a liability created by law shall be brought within three years after the liability is created. The question presented for determination is the time when the liability incurred by the Newport Lumber Company, under the terms of the written instrument, was created; appellant insisting that it was at the time of the purchase of the note on August 31, 1905, in which case the action was barred (Code Civ. Proc., sec. 359), while respondent contends that it was created at the time of the maturity of the note. At a former hearing of this appeal the court accepted the later view, but upon further consideration we are not satisfied with the conclusion then reached.

It is quite true that the liability incurred by the Newport Lumber Company was not enforceable until the maturity of the note and default made by the makers thereof. It cannot, however, be said that the liability was not created until such time. Liability does not depend for its existence upon the fact that it is immediately enforceable. It may exist with-

out the right of immediate enforcement. (*White* v. *Green,* 105 Iowa, 176, [74 N. W. 928]; *Hunt* v. *Ward,* 99 Cal. 615, [37 Am. St. Rep. 87, 34 Pac. 335].) In the latter case it is said: "A liability may be absolute or contingent; it may be unconditional or limited; it may be presently enforceable by action, or there may be time given for its performance; but, whatever its character, it is created by the consummation of the contract, act, or omission by which the liability is incurred." Under the terms of the contract, the liability incurred by the Newport Lumber Company was absolute, although the right of the plaintiff to enforce such liability depended upon a contingency, namely: the default of the makers of the note; but this fact did not render the liability contingent. There is a marked distinction between a contingent liability and the right contingent upon the happening of an event to enforce an existing liability. In the one case, there is no liability until the happening of the event, the occurrence of which creates the liability, while in the other the liability exists, but the right to enforce it depends upon the contingency. Here there was an existing indebtedness in a sum specified in the note which the makers promised to pay to the holder thereof. By its contract of guaranty the corporation agreed that it would pay this indebtedness when the same was due, if the makers of the note failed to pay it. It follows, we think, that the liability was created on August 31, 1905, at the time when the corporation by contract obligated itself to make the payment. If this be true, the cause of action to enforce defendant's statutory liability as a stockholder of the Newport Lumber Company was barred in three years from said date.

The judgment is reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 14, 1911.