[Civ. No. 1214. Second Appellate District.—March 21, 1913.]

W. LEMOYNE WILLS, Respondent, v. HENRY S. WOOL-
NER et al., Appellants.

CORPORATION—STOCKHOLDER'S LIABILITY TO GUARANTOR OF NOTE.—No
liability on the part of a corporation to the guarantor of a note,
given by it, arises until he pays the note; hence only those persons
who are stockholders at the time of payment are liable to him.

ID.—APPEAL—BRIEFS—REFERENCE TO EVIDENCE.—An appellate court
must not be expected to search through a voluminous record to dis-
cover evidence on a point raised by the appellant, when his brief
makes no reference to such evidence.

APPEAL from a judgment of the Superior Court of Los
Angeles County. E. T. Zook, Judge presiding.

The facts are stated in the opinion of the court.

Henry S. Woolner, and Trask, Norton & Brown, for Ap-
pellants.

E. S. Williams, for Respondent.

SHAW, J.—Action in *assumpsit* to recover upon statutory
stockholders' liability. Judgment went for plaintiff, from
which defendants appeal.

In 1909, plaintiff, and others for whom he sued as assignee,
indorsed and guaranteed payment of certain promissory notes
made by the Provident Midway Oil Company, a corporation,
for money borrowed by it. The corporation made default in
payment of these notes; whereupon the holder brought suit
thereon, including plaintiff and his co-guarantors as defend-
ants therein; and on February 1, 1911, recovered judgment
thereon against all of the defendants, which judgment plain-
tiff and his said assignors paid on July 20, 1911. At the
time of the rendition of the judgment and up to and after
the payment thereof on July 20, 1911, defendants were stock-
holders of the corporation, but they were not stockholders in
1909, at the time when the corporation executed the notes so
indorsed and guaranteed by plaintiff and his assignors for
the indebtedness then incurred.

The sole question presented is whether or not defendants as stockholders of the corporation were liable to the plaintiff and his assignors for any part of the judgment so paid by them. This identical question was before the court in *Yule* v. *Bishop*, 133 Cal. 574, [62 Pac. 68, 65 Pac. 1094]. Basing its decision upon section 1473 of the Civil Code, as well as upon numerous authorities cited, it was there held by the court sitting in Bank (Justices Harrison and Van Dyke dissenting), that where an accommodation indorser, upon default in the payment of a note made by a corporation, paid the same, such act as to the corporation and its stockholders extinguished the note as to which there could be no equitable assignment or subrogation, and further held (all of the justices concurring) that no liability on the part of the corporation to the surety who took up and paid the note arose until the time of such payment, and hence only those persons who were stockholders at the time of payment were liable for such corporate liability. The first proposition enunciated by the court has been repeatedly affirmed. (*McDonough* v. *Nowlin*, 17 Cal. App. 45, [118 Pac. 463]; *Loewenthal* v. *Coonan*, 135 Cal. 381, [87 Am. St. Rep. 115, 67 Pac. 324, 1033, 68 Pac. 303]; *Bray* v. *Cohn*, 7 Cal. App. 124, [93 Pac. 893]; *Crystal* v. *Hutton*, 1 Cal. App. 251, [81 Pac. 1115]); and, regardless of authorities which may be cited from other forums, must be accepted as the settled law of this state. As the corporate debt evidenced by the notes was on July 20, 1911, extinguished by plaintiff and his assignors paying the same, it must necessarily follow that the liability of those who were stockholders at the time the notes were given was likewise extinguished. As said in the case of *Yule* v. *Bishop*, 133 Cal. 574, [62 Pac. 68, 65 Pac. 1094]: "The debt having been extinguished by the surety's payment, the liability of the stockholders upon that debt came to an end." No liability to the sureties was incurred by the corporation until the former paid the notes pursuant to their contract so to do made with the holder of the notes, and as defendants were stockholders at that time they were liable as such for their proportionate part of such corporate liability which then attached. The case of *First Nat. Bank* v. *Consolidated Lumber Co.*, 16 Cal. App. 267, [116 Pac. 680], is entirely different from the case at bar. That was an action by the holder of a note for value, trans-

21 Cal. App.—34

ferred in usual course, to recover from one who was a stockholder of the corporation at the time when it made the contract of guaranty upon which the action was based.

This appeal is prosecuted under section 953a of the Code of Civil Procedure, known as the alternative plan, which relieves the appellant from filing any transcript of the record. Section 953c provides that, ''in filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto such portions of the record as they desire to call to the attention of the court.'' In their brief appellants refer to the alleged fact that the Provident Midway Oil Company was at some time adjudged to be a bankrupt. Our attention is not called in the briefs to any evidence, or reference thereto, given upon this subject, and the court must not be expected to search through a voluminous record in an effort to discover the existence of evidence touching the question. Moreover, no issue as to such adjudication is presented in the pleadings and no finding made thereon. While, for the reasons given, we do not feel called upon to discuss the effect of such alleged adjudication, nevertheless, we are of opinion that, under section 4-B of the Bankruptcy Act, such fact would not avail defendants in this case.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.