[Civ. No. 1398.    Second Appellate District.—November 26, 1913.]

## IDA R. BECKETT, Respondent, v. Z. B. STUART, Appellant.

APPEAL—FAILURE OF RESPONDENT TO FILE BRIEF — ACCEPTANCE OF RECORD AS PRESENTED BY APPELLANT.—Where an appeal is taken under section 953a of the Code of Civil Procedure, and the appellant, pursuant to the requirements of section 953c of the Code of Civil Procedure, prints in his brief such parts of the record as he deems pertinent to the questions involved on the appeal, but the respondent files no brief and raises no question as to the correctness or sufficiency of the record as presented by the appellant, the appellate court will accept the evidence as set out in the appellant's brief as true and correct.

ID.—CONVERSION—COLLECTION OF NOTE AND APPROPRIATION OF PROCEEDS —DEFENSE—FINDINGS.—In an action to recover the amount of a note and mortgage intrusted to the defendant for collection, and alleged to have been collected and fraudulently appropriated by him to his own use, the failure to find on an issue tendered by the answer and constituting a defense to the action, that the plaintiff, for a valuable consideration, sold and transferred the note to the defendant, is ground for a reversal of a judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County.    James C. Rives, Judge.

The facts are stated in the opinion of the court.

Z. B. Stuart, and S. Monteleone, for Appellant.

Ben S. Hunter, for Respondent.

SHAW, J.—In this action plaintiff alleged that she intrusted to defendant for the purpose of collection a certain note and mortgage then owned by her, executed by one Juliet

Burns, upon which there was due and payable the sum of one thousand five hundred dollars; that on December 30, 1909, said Burns paid the same to defendant who appropriated it to his own use and refused to pay the same or any part thereof to plaintiff. These allegations, other than the refusal to pay, are denied by the answer, which further alleged that in December, 1909, said Burns paid to defendant the sum of one thousand five hundred dollars for the use of one Sarnighausen, who on December 22, 1909, made and delivered to plaintiff his note therefor, which said sum was at the time a loan made by plaintiff to Sarnighausen of the funds then belonging to her in the hands of said Burns; that on July 12, 1910, for a valuable consideration, plaintiff sold and transferred to defendant said note so made to her by Sarnighausen.

The court found that plaintiff intrusted to defendant the collection of the note and mortgage made and executed by Burns, as alleged, and that he collected and fraudulently appropriated the same to his own use.

Judgment went for plaintiff, from which defendant appeals upon a transcript prepared in accordance with the provisions of section 953a of the Code of Civil Procedure. Section 953c of the Code of Civil Procedure, provides that where this mode of appeal is adopted by an appellant the parties must print in their briefs such portion of the record as they desire to call to the attention of the court. In the case of *Wills* v. *Woolner*, 21 Cal. App. 528, [132 Pac. 283], which was an appeal taken under said section 953a, this court said: "Our attention is not called in the briefs to any evidence, or reference thereto, given upon this subject, and the court must not be expected to search through a voluminous record in an effort to discover the existence of evidence touching the question." Appellant has filed a brief, printing therein such parts of the record as he deems pertinent to the questions involved on the appeal, but respondent has filed no brief nor raised any question as to the correctness or sufficiency of the record as presented by appellant. In the absence thereof, we accept the evidence as set out in appellant's brief as true and correct.

It appears that in December, 1909, plaintiff loaned to Juliet Burns the sum of one thousand five hundred dollars for a term of one year, taking her note therefor secured by a mortgage. A few days thereafter, and in the month of December, 1909,

Burns paid the amount of said note, and said sum of one thousand five hundred dollars so paid by her was loaned to Sarnighausen, who made and executed his note to plaintiff.    Plaintiff knew of the payment of the Burns note and knew that the proceeds thereof had been loaned to Sarnighausen who had made his note therefor payable to her, and through defendant made payments of interest thereon.    On July 12, 1910, she indorsed upon the back of the Sarnighausen note the following: ''For value received, I hereby sell and assign the within note to Z. B. Stuart.    Dated this 12th day of July, 1910;'' and on the same day executed an instrument in writing, reciting that she had for a valuable consideration sold, assigned, and delivered to Stuart the promissory note dated December 22, 1909, for the sum of one thousand five hundred dollars, payable to her one year after date, the recited consideration therefor being legal services rendered and to be rendered by Stuart in a case pending in the superior court wherein she was named as corespondent, as well as for other legal services, and the cost and expenses thereof, which assignment, it is stated, was made without recourse and with the knowledge on the part of plaintiff that the collection thereof was uncertain.    Plaintiff called as a witness one E. K. Isaacs to whom was shown said written transfer and asked whether the signature thereto was in the same handwriting as the signatures upon other papers exhibited to . the witness, in reply to which the witness stated that the signature to said document was in a different handwriting from the signatures to the other documents so exhibited to him. What those papers were, or whether or not the signatures thereto were the genuine signatures of plaintiff is not disclosed by the record.    Although plaintiff took the stand as a witness, she did not deny making the indorsement on the note or the execution of the instrument purporting to assign and transfer the note, or make any statement tending in the slightest degree to show these documents to be other than what they purported to be.    In the absence of such evidence, we must construe the documents in accordance with the plain import of the language therein.    If as alleged in the answer plaintiff, prior to the bringing of the suit, to wit: on July 12, 1910, for a valuable consideration, sold and delivered said promissory note to defendant, such fact would constitute a sufficient defense to the action.

Moreover, the affirmative allegation of the answer that on July 12, 1910, plaintiff, for a valuable consideration, sold and transferred the note to defendant, which as such constituted a defense, tendered a material issue, as to which defendant was entitled to a finding by the court. For this reason, if for no other, the judgment should be reversed; and it is so ordered.

Conrey, P. J., and James, J., concurred.