[Civ. No. 1646.   Second Appellate District.—June 6, 1917.]

## PASADENA REALTY COMPANY (a Corporation), Appellant, v. W. H. CLUNE, Respondent.

APPEAL FROM JUDGMENT—ALTERNATIVE METHOD—PORTIONS OF RECORD
RELIED UPON—FAILURE TO PRINT IN BRIEF.—Where an appeal is
taken from a judgment under the alternative method, it is the duty
of the appellant to print in his brief, or in a supplement appended
thereto, such portions of the record as he desires to call to the
attention of the appellate court, and where he does not do so, and
merely makes reference in the brief to the transcript on file by page,
the points made for reversal cannot be considered.

ID.—PRINTING OF MATTERS RELIED UPON IN BRIEF—PURPOSE OF STAT-
UTE.—The purpose of the statute requiring the matters relied upon
to be printed in the brief, is not only for the benefit of the appel-
late court, but also for the benefit of the respondent, and a mere
reference to the transcript on file in the appellate court by page,
would compel the respondent to visit the office of the clerk of the
court and inspect the transcript.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

C. J. Willitt, and William A. Spill, for Appellant.

Valentine & Newby, for Respondent.

JAMES, J.—This action was brought to recover an amount
of money alleged to be owing to the plaintiff by the defendant.
After hearing the evidence introduced on behalf of the plain-
tiff, the trial court, on motion, ordered judgment of nonsuit,
which was duly entered.   This appeal was then taken from
that judgment.   The appeal was taken under the alternative
method; the typewritten transcript of the judgment-roll and
evidence comprising more than two hundred pages.

The appellant in its opening brief, in order to illustrate the
argument made, refers to various parts of the record and testi-
mony by reference to the typewritten transcript, giving the
page thereof, but prints no portion of that testimony in the
brief, except one letter which is shown to have passed from

the defendant to the plaintiff. Respondent urges the objection that under such a condition of the brief of appellant, the points made for reversal are without sufficient showing as to the state of the record to entitle them to be considered. Under the provisions of the statute regulating appeals under the alternative method, we are compelled to agree wholly with this contention. Section 953c of the Code of Civil Procedure, referring to appeals taken under the alternative method, provides, in part, as follows: " . . . Said record shall be filed with the clerk of the court to which the appeal is taken and no transcript thereof need be printed. In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." Appellant, as respondent suggests, has failed to comply with the mandatory direction of the statute. In order to ascertain whether there is merit in the contentions of appellant, the court would be compelled to examine the typewritten transcript and look therein for the testimony and copies of the documents relied upon, instead of in the brief of appellant where such testimony and records should have been printed. This the court is not required to do. (*Marcucci* v. *Vowinckel*, 164 Cal. 693, [130 Pac. 430] ; *Wills* v. *Woolner*, 21 Cal. App. 528, [132 Pac. 283] ; *Miller* v. *Oliver*, 174 Cal. 407, [163 Pac. 357].) It may be further observed that we think the suggestion of respondent is well made when it is said that the purpose of the statute requiring the matters relied upon to be printed in the brief, is not only for the benefit of the appellate court, but also for the benefit of the respondent. The typewritten transcript under the alternative method is filed in the appellate court, and it is a very reasonable requirement that the respondent when served with the appellant's brief should have before him as a part of that brief a showing of the precise matters in printed form which he is called upon to reply to. A mere reference to the transcript on file by page, as made in the appellant's brief, would compel the respondent to visit the office of the clerk of the court and inspect the reporter's transcript. The alternative method has disadvantages in practice. The hope may be expressed that some time the legislature, having in mind the idea of simplifying procedure, will furnish to the bar and the courts one method of appeal

only, or repeal the statutory rules of procedure and leave these matters for regulation by rules of court.

The judgment appealed from is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.