[Civ. No. 2104.  Second Appellate District.—July 6, 1917.]

JAMES CUNNISON, Respondent, v. CHARLES LEE MILLER et al., Defendants; WILLIAM EVANS, Defendant and Appellant.

APPEAL UNDER NEW METHOD—FAILURE TO PRINT RECORD IN BRIEF—REVIEW OF TRANSCRIPT.—On an appeal taken under the alternative method, no duty is imposed upon the court to examine the typewritten transcript, where the appellant fails to follow the statute by printing in his brief the part of the record which he desires to call to the attention of the court.

ID. — DEFAULT JUDGMENT — MOTION TO SET ASIDE — DISCRETION.—The matter of determining a motion to set aside a judgment by default on the ground of mistake, inadvertence, surprise, and excusable neglect rests within the sound discretion of the trial judge.

ID. — MORTGAGE — APPEAL FROM DEFICIENCY JUDGMENT — ENTRY BY DEFAULT—SUFFICIENCY OF COMPLAINT.—In an action by an assignee of a mortgagee for the foreclosure of a mortgage, the sufficiency of the complaint cannot be questioned on an appeal taken from the deficiency judgment which was entered against the original mortgagee by default, there being no appeal from the judgment of foreclosure.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion to set aside judgment.  John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Jas. W. Bell, for Appellant.

Ralph E. Swing, for Respondent.

JAMES, J.—Defendant Evans prosecutes this appeal from an order made by the trial court denying the motion of said defendant to have set aside a judgment taken against him after service of summons and complaint had been regularly made and default entered. The notice of appeal also states that the defendant appeals from the "deficiency judgment made and entered against him in said action."

The appeal is taken under the so-called and most unsatisfactory "alternative method," but appellant has failed to follow the statute in that no part of the record to which he desires to call attention is printed in his brief. Having omitted to comply with the direction of the statute in that regard, no duty is imposed upon this court to examine the typewritten transcript. (*Marcucci* v. *Vowinckel*, 164 Cal. 693, [130 Pac. 430]; *Wills* v. *Woolner*, 21 Cal. App. 528, [132 Pac. 283]; *Miller* v. *Oliver*, 174 Cal. 404, 407, [163 Pac. 355, 357]; *Pasadena Realty Co.* v. *Clune*, ante, p. 33, [166 Pac. 1025]; *McKinnell* v. *Hansen*, ante, p. 76, [167 Pac. 887].)

We have, however, looked over the briefs and in an abstract way considered the propositions argued therein. The appellant, it is stated, was the mortgagee named in a certain mortgage. This mortgage and the accompanying note he transferred to this plaintiff. The transfer of the note was effected by a simple indorsement on the back. The plaintiff bringing this action to foreclose the mortgage, joined appellant as a party for the purpose of securing a deficiency judgment against him in the event that by sale of the security the debt was not satisfied. The sale of the property did not in fact produce sufficient money to satisfy the mortgage debt, and deficiency judgment was entered against appellant for the sum of $401.50. This appellant, after service of summons, made no appearance in the action and allowed judgment to be taken against him by default. He afterward made motion, based upon the alleged ground of mistake, inadvertence, surprise, and excusable neglect, to have this judgment set aside, which motion was by the court denied. The matter of determining such a motion rests within the sound discretion of the trial judge, and upon the statement of the facts as

set forth in the brief we cannot see that the court abused its discretion. Appellant did not appeal from the judgment of foreclosure, but appealed, so it is stated, from the "deficiency judgment." The liability of appellant was determined by the judgment of foreclosure, wherein it was adjudged that he was liable for any money that might be necessary to make up the deficiency between the amount realized on the sale of the property and the mortgage debt, with incidental costs. The entry of deficiency judgment was an incident which followed only because it was adjudged in the original decree that the plaintiff was entitled to that relief. The question whether the complaint stated facts sufficient to constitute a cause of action, as it is argued by appellant it did not, we think could not be reached by this appeal, for a judgment so entered upon such a complaint, where the party defendant has defaulted, would not be void.

The judgment and order are affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.