[Civ. No. 2287.   Second Appellate District.—October 18, 1917.]

N. D. EASTERLY, Appellant, v. C. S. PRAUL, Constable, etc., Respondent.

APPEAL — ALTERNATIVE METHOD — RECORD AND CONTENTS.—Judgment should be affirmed for failure to print any part of judgment-roll with the brief.

ATTACHMENT—THIRD-PARTY CLAIM.—Unverified demand is insufficient although "acknowledged" before a notary.

APPEAL from a judgment of the Superior Court of San Diego County.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Duke Stone, and Albert J. Lee, for Appellant.

Walter W. Praul, for Respondent.

JAMES, J.—By the opening brief in this case we are told that the appeal taken by the plaintiff is from a judgment adjudging that the plaintiff was not the owner of certain horses alleged to have been held under attachment process by the defendant constable in a suit of one Hull *v.* A. F. Narver. The appeal is taken by the alternative method, which requires the parties to print in their briefs such portions of the record as they may desire to call to the attention of the court. (Code Civ. Proc., sec. 953c.) No part of the judgment-roll is printed in the brief of appellant, and we are left without record information as to what the cause of action was or the issues made between the parties. For that reason alone the judgment should be affirmed. (*Marcucci* v. *Vowinckel,* 164 Cal. 693, [130 Pac. 430]; *Wills* v. *Woolner,* 21 Cal. App. 528, [132 Pac. 283]; *Miller* v. *Oliver,* 174 Cal. 404, [163 Pac. 357]; *Pasadena Realty Co.* v. *Clune,* 34 Cal. App. 33, [166 Pac. 1025]; *McKinnell* v. *Hansen,* 34 Cal. App. 76, [167 Pac. 887]; *Lillard* v. *Abbot Hardware Co.,* 34 Cal. App. 719, [168 Pac. 707]; *California Sav. etc. Bank* v. *Canne,* 34 Cal. App. 768, [169 Pac. 395].)

The main point upon which appellant appears to rely is that the evidence was insufficient to support the findings of the court determining that plaintiff, a third-party claimant of the property held under attachment, was not the owner of the horses. The testimony given at the trial is set forth in the briefs. It appears from that testimony that A. F. Narver was at all times in possession of the horses which were attached and which were intermingled with other horses used by him and which latter he admitted that he owned. When the attachment was made, Narver, as agent for the plaintiff, who was his wife's sister, made a written claim or demand on behalf of the plaintiff for the release of the horses. This demand was not verified by the plaintiff as the law requires (Code Civ. Proc., secs. 549, 689), but an acknowledgment was made before a notary as to the truth of the facts stated in the demand. We think the third-party claim was not in sufficient form to charge the defendant with liability. Furthermore, in view of the law that an appellate court has no function to review evidence where two different conclusions may properly be drawn therefrom, it must be held that there was some evidence sustaining the findings of the trial court. The property was found in the possession

of Narver, and the presumption attending that possession was that he owned it. (Code Civ. Proc., sec. 1963, subd. 11.) The persons concerned in the alleged ownership were all members of the family of Narver, it being claimed that his mother was the first owner, and that before she died she, by bill of sale and sufficient consideration, transferred her ownership to the sister of Narver's wife. The latter would not testify that she had ever seen the animals, and the testimony of Narver's wife and wife's sister appears as to many of its features to have been affected by uncertainty and hesitatingly given. In view of the presumption imposed by the code provision, that Narver was the owner of the property found in his possession, it was for the trial judge to determine the credibility of the witnesses appearing before him in support of the third-party claim. (Code Civ. Proc., sec. 1847.) Upon the several grounds stated, it is very clear that this judgment should not be disturbed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.