[Civ. No. 2501. Second Appellate District, Division One.—February 27, 1919.]

IDA R. BECKETT, Respondent, v. Z. B. STUART, Appellant.

[1] APPEAL—FORMER APPEAL—RECORD.—Documentary evidence before the court on a former appeal, none of which is in the record of a second appeal, is not before the court for the purpose of such second appeal.

[2] ID.—LAW OF THE CASE—SECOND TRIAL—DIFFERENT FACTS.—The decision rendered by a trial court on a second trial after an appeal is not in conflict with the "law of the case" as established on the former appeal, when the case on second trial as shown by the findings is very materially different in its facts from the case as stated in the former decision by the appellate court.

APPEAL from a decision of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker for Appellant.

Rupert B. Turnbull, Joe Crider and Hugh Kelley for Respondent.

CONREY, P. J.—The defendant appeals from the judgment entered herein on the ninth day of February, 1917. On appeal from a former judgment in this action the judgment was reversed (23 Cal. App. 373, [138 Pac. 115]). After a second trial of the action judgment has been entered a second time in favor of the plaintiff. The pleadings have not been amended and the issues at the second trial were the same as at the first trial. In the former decision on appeal this court said: "In this action plaintiff alleged that she intrusted to defendant for the purpose of collection a certain note and mortgage then owned by her, executed by one Juliet Burns, upon which there was due and payable the sum of one thousand five hundred dollars; that on December 30, 1909, said Burns paid the same to defendant, who appropriated it to his own use and refused to pay the same or any part thereof to plaintiff. These allegations, other than the refusal to pay, are denied by

the answer, which further alleged that in December, 1909, said Burns paid to defendant the sum of one thousand five hundred dollars for the use of one Sarnighausen, who on December 22, 1909, made and delivered to plaintiff his note therefor, which said sum was at the time a loan made by plaintiff to Sarnighausen of the funds then belonging to her in the hands of said Burns; that on July 12, 1910, for a valuable consideration, plaintiff sold and transferred to defendant said note so made to her by Sarnighausen. . . . If, as alleged in the answer, plaintiff, prior to the bringing of the suit, to wit, on July 12, 1910, for a valuable consideration, sold and delivered said promissory note to defendant, such fact would constitute a sufficient defense to the action. Moreover, the affirmative allegation of the answer that on July 12, 1910, plaintiff, for a valuable consideration, sold and transferred the note to defendant, which as such constituted a defense, tendered a material issue, as to which defendant was entitled to a finding by the court. For this reason, if for no other, the judgment should be reversed; and it is so ordered."

The evidence received by the court at the second trial is not before us on appeal, the appeal being upon the judgment-roll alone. The findings of the court upon which the present judgment rests are fully responsive and adverse to the affirmative defense contained in defendant's answer. The facts, which are fully set out in the findings, show that the Sarnighausen transaction was a subterfuge, under and by means of which appellant applied the plaintiff's money to his own use without her knowledge or consent. Further, "the court finds that it is not true that the amount evidenced by said Sarnighausen note or any sum or at all was ever loaned by the plaintiff, Ida R. Beckett, to said F. Sarnighausen, and the court finds that it is not true that on the twelfth day of July, 1910, or at any time or at all, for a valuable consideration plaintiff sold, assigned, and delivered said promissory note to the defendant. The court finds that subsequent to the execution of the Sarnighausen note, to wit, the note executed by said F. Sarnighausen in favor of Ida R. Beckett, the said Ida R. Beckett indorsed said note to Z. B. Stuart, the defendant herein, for the purpose of collection and for such purpose only; that at no time was the said defendant, Z. B. Stuart, the owner of or entitled to the proceeds of said note. The court finds that at the time of the indorsement of said note by the plaintiff to the

defendant for the purpose of collection the said plaintiff was not apprised of the actual transaction by which the said F. Sarnighausen had made, executed, and delivered said note in favor of the plaintiff and at said time plaintiff had no knowledge of the real facts of said transaction.

"The court finds that the instrument purporting to be an assignment of the Sarnighausen note in favor of the defendant, Z. B. Stuart, and purported to have been executed by the plaintiff, Ida R. Beckett, which instrument is marked defendant's exhibit 4, was not signed by Ida R. Beckett, and that the signature thereon purporting to be that of Ida R. Beckett is not her signature."

Appellant's assignments of error are: 1. That the court erred in rendering a judgment not supported by the pleadings and findings. 2. That the court erred in rendering judgment based upon findings outside of the issues joined by the complaint and answer. 3. That the court erred in failing to apply the law of the case as announced by the appellate court on the former appeal. None of these contentions can be sustained. The cause of action set forth in the complaint was for moneys of the plaintiff, received by the defendant and wrongfully retained by him. The facts alleged were established, and the affirmative defense was refuted. The court did not base its judgment upon findings outside of the issues presented by the pleadings. The decision rendered is not in conflict with the law of the case as established on the former appeal. [1] We do not agree with the claim of counsel for appellant that the documentary evidence before the court on the former appeal (none of it being in the present record) is before us for the purposes of this appeal. [2] The case on second trial, as shown by the findings, is very materially different in its facts from the case as stated in the former decision made by this court.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1919.

All the Justices concurred.