[Civ. No. 3311. Second Appellate District, Division One.—May 22, 1920.]

P. F. PIDGEON, Appellant, v. SAN DIEGO CONSOLIDATED BREWING COMPANY (a Corporation), Respondent.

[1] CORPORATIONS—BREACH OF CONTRACT—STOCKHOLDER'S LIABILITY—STATUTE OF LIMITATIONS.—The statute of limitations begins to run in favor of the stockholder of a corporation on his stockholder's liability for a breach of contract by the corporation from the date of the contract and not from the time of its breach.

APPEAL from a judgment of the Superior Court of San Diego County.  C. N. Andrews, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. J. Mossholder for Appellant.

Eugene Daney and Lane D. Webber for Respondent.

CONREY, P. J.—Appeal by the plaintiff from a judgment entered in favor of the defendant in an action to recover from the defendant, on its statutory liability as a stockholder of the Mission Brewing Company, a corporation, a fixed proportion of an alleged indebtedness of the Mission Brewing Company to the plaintiff.  The judgment was entered pursuant to an order sustaining the defendant's demurrer to the complaint without leave to amend the complaint.  One of the grounds of demurrer was that the action is barred by the provisions of section 359 of the Code of Civil Procedure.

The complaint was filed on the seventeenth day of September, 1918.  The complaint sets forth the terms of a contract entered into on the eleventh day of August, 1913, between plaintiff and the Mission Brewing Company under which, at a stated price per barrel, the company agreed to sell and deliver beer to the plaintiff as ordered.  The complaint alleged, in effect, that said contract was in force at all times from the making thereof to and including the sixth day of July, 1918, at which time the Mission Brewing Company refused to further perform the contract and notified the plaintiff that it would not thereafter deliver beer to him, except at a stated price per barrel, which was very much higher than the price fixed by the contract.  Further allegations show loss and damage to the plaintiff by the refusal of the Mission Brewing Company to comply with the terms of said agreement.

[1]  The question presented by this appeal has been fully discussed and should . be regarded as having been permanently settled by recent decisions of the supreme court.  The rule is thereby established that in cases of this kind a stockholder's liability is an obligation created by law, which is barred at the expiration of three years from the time when

the liability was created; that the words referring to the time "when the liability was created," as set forth in section 359 of the Code of. Civil Procedure, apply to the time when the corporation made the contract out of which the liability arises, and not to the time of any breach of the contract by the corporation. For a full statement of the law on this subject it is only necessary to refer to such late cases as *Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500, [153 Pac. 939], and *Chambers* v. *Farnham,* 182 Cal. 191, [187 Pac. 732]. We think there is no merit in appellant's contention that under the contract set out in the complaint no liability was created (within the meaning of the code section above cited) against the Mission Brewing Company "until Pidgeon placed an order for beer. Each time he placed an order for beer a new liability arose." It is now too clear for further argument that if the Mission Brewing Company was ever liable to the plaintiff by reason of the transactions mentioned in the complaint, that liability must . have arisen out of the contract of August 11, 1913. This being so, the statute limiting the time for the commencement of an action against a stockholder for a breach of that contract began to run in favor of the stockholder at the date of the contract.

The judgment is affirmed.

Shaw, J., and James, J., concurred.