[S. F. No. 12447. Department Two.—September 1, 1928.]

THE H. K. McCANN COMPANY (a Corporation), Appellant, v. O. DENNY et al., Defendants; H. J. FINN et al., Respondents.

Winfield Dorn and A. L. Shannon for Appellant.

Brobeck, Phleger & Harrison for Respondents.

RICHARDS, J.—In this action the plaintiff sought to recover certain sums alleged to be due to it from the defendants upon the stockholders' liability of said defendants and each of them as stockholders of The Luthy Company, a California corporation, which had been organized for the purpose of manufacturing a certain automobile storage battery, and which had entered into certain agreements with the plaintiff, a national advertising agency, for the performance of certain services by the latter in conducting an advertising campaign and in preparing and placing the advertising to be done by The Luthy Company, in the course of marketing its products, in periodicals and upon sign-boards throughout the

country. The complaint is in two counts, in the first of which the plaintiff seeks to recover from said defendants the proportionate sums claimed to be due from each under their aforesaid stockholders' liability on account of certain payments of money which were made by the plaintiff to various periodicals with which it had placed the advertising of its principal, The Luthy Company, from time to time, and the bills for which the plaintiff had paid under the terms of its arrangement with its principal, wherein it was in substance agreed that the bills for advertising were to be sent by the publishers thereof to said advertising agency, and when paid by it were to be charged to the account of its principal. The evidence in the case shows and the court finds that while the aforesaid agreement between the plaintiff and The Luthy Company was entered into in April, 1921, the first advertising contracts placed by said agency thereunder bore a date not earlier than August 22, 1921, and such advertising thereafter continued to be placed with various publications up to April 6, 1922, when The Luthy Company, having become involved in financial difficulties, ceased advertising. Between the two foregoing dates the plaintiff, as shown by its bill of particulars, paid on account of its principal the several advertising bills, the sum of which furnishes the basis of recovery sought by the first count of plaintiff's complaint herein. The main defense urged by the defendants herein is that of the statute of limitations embodied in section 359 of the Code of Civil Procedure, relating to the liability of stockholders of corporations. The trial court sustained the defendants' plea in that regard and by its judgment determined that as to the plaintiff's first alleged cause of action it should take nothing, but that said defendants were entitled to have judgment in their favor for their costs.

As to the plaintiff's second count or cause of action it is also based upon the terms of its aforesaid agreement with The Luthy Company made and entered into on or about April 6, 1921, by the terms of which it was agreed and understood that beginning from the date thereof the plaintiff would be entitled to charge a service fee of $250 a month against its said principal for its services in planning and handling the latter's advertising campaign. This initial fee, however, was to be credited with certain commissions which might be earned by said plaintiff in the course of said cam-

paign and which, when the same amounted to a certain sum, were to extinguish said service fee. It appears from the plaintiff's bill of particulars that at the time of the commencement of this action on May 8, 1924, there was due to said plaintiff from said corporation on account of its aforesaid service fee the sum of $2,934.67, for the proportionate share of which, claimed to be due from said defendants upon their aforesaid stockholders' liability, plaintiff sues in its second count or cause of action. As to this cause of action the defendants also pleaded the statute of limitations as embodied in section 359 of the Code of Civil Procedure, and as to this count also the trial court by its judgment determined that the plaintiff was entitled to take nothing, but that said defendants were entitled to a judgment in their favor for their costs. From the judgment of the trial court upon both causes of action the plaintiff prosecutes this appeal.

■ Upon the plaintiff's first alleged cause of action we are of the opinion that the trial court was in error in holding that it was subject to the plea of the statute of limitations relating to the commencement of an action upon the liability of stockholders of a corporation. It sufficiently appears from the record herein that in entering into and carrying out its agreement with The Luthy Company for the placing of its advertising the plaintiff was acting throughout as the agent of said corporation and not otherwise; that the advertising which, beginning in the month of August, 1921, it placed for and on account of its said principal, was advertising for which The Luthy Company was primarily liable to the various publications wherein such advertising was published, and that in providing in its agreement with said corporation that the bills for such advertising were to be sent primarily to the plaintiff for payment it was to act as the agent of said corporation and not otherwise in the payment of these bills, and upon payment of the same was entitled to charge the amount thereof against the account of its said principal. It would seem to be clear that until such advertising began to be placed and published no liability of any kind had been created as to such corporation, and it would further seem to be clear that after the aforesaid date of the placing of such advertising and of the creation for the first time of any liability on the part of The Luthy Company on account of the

publication thereof no liability arose on its part to reimburse the plaintiff for any sums expended by it by virtue solely of its aforesaid agency until in that capacity the plaintiff had made payment on account of its principal's bills. The case as thus presented, while not precisely analogous to the cases presently to be discussed, is not distinguishable in principle from these cases as to the rule applicable to the liability of stockholders. In the case of *Yule* v. *Bishop*, 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094], it was held that the liability of the stockholders of a corporation to one who had become an indorser upon the promissory note of said corporation, and who as such indorser had been required to pay said note and thus extinguish the same, did not arise until the payment of said note by such indorser, and hence that the liability of the stockholders to such indorser would not be barred by the statute of limitations until three years after the date of such payment. In the case of *Ryland* v. *Commercial Sav. Bank*, 127 Cal. 525 [59 Pac. 989], which was an action by a surety upon the note of a corporation to recover from the stockholders thereof upon their liability as such upon the payment by said surety of the note of said corporation, it was held that the statute of limitations was not set in motion until the payment by the surety of the corporate note. In the case of *Wills* v. *Wollner*, 21 Cal. App. 528 [132 Pac. 283], the rule laid down in the foregoing cases was followed and distinguished from a line of cases presently to be commented upon. In the later case of *Finch* v. *Finch*, 68 Cal. App. 72 [228 Pac. 553], the line of cases above referred to, beginning with the case of *Hunt* v. *Ward*, 99 Cal. 612 [37 Am. St. Rep. 87, 34 Pac. 335], was reviewed and followed, and it was held that the liability of the stockholders of a corporation for their proportionate share of its indebtedness took its rise as of the date of the contract creating such indebtedness and that the action upon such stockholders' liability must be commenced within three years from such date. The decision in that case has been consistently followed by this court and the appellate courts in a line of cases depending upon a similar state of facts. (*Santa Rosa Nat. Bank* v. *Barnett*, 125 Cal. 407 [58 Pac. 85]; *Gardiner* v. *Royer*, 167 Cal. 238 [139 Pac. 75]; *Pidgeon* v. *San Diego etc. Co.*, 47 Cal. App. 676 [190 Pac. 1048]; *Coulter Dry Goods Co.* v. *Wentworth*, 171 Cal. 500 [153 Pac. 939]; *Chambers* v. *Farnham*, 182 Cal. 191, 194 [187

Pac. 732].) In each of the two cases last above cited it has been pointed out by this court that the conclusions. arrived at by it in the line of cases last above cited are in nowise inconsistent with the decisions of this court in the case of *Yule* v. *Bishop, supra*, and the cases which have followed it, and the distinction which is therein drawn between these two lines of decisions is this: that in the payment by a guarantor or surety of the indebtedness of the corporation, the obligation of the corporation was thereby extinguished and that the right of the guarantor or surety to reimbursement from the stockholders of the corporation was a new liability arising at the time of the payment of the corporate note by the indorser or surety. The distinction thus drawn between these two lines of decision had its exact application in principle to the plaintiff's first cause of action herein, since the obligation of The Luthy Company to reimburse the plaintiff for the payment, in the capacity of its agent, of its advertising bills could not arise until such bills had been paid and the obligation of its principal thereby extinguished; whereupon, for the first time, the liability of the stockholders of the corporation to the plaintiff by reason of such payment would arise. We are thus of the opinion that as to the first cause of action the case of *Yule* v. *Bishop, supra*, and the decisions which have followed it have full application and hence that the trial court was in error in holding that as to said first cause of action the statute of limitations had run in favor of the defendants.

As to the second cause of action, however, it would seem to be equally clear that the principles announced in the case of *Hunt* v. *Ward, supra*, and in the decisions of this court and the appellate courts which have followed it, should be given full application to the state of facts shown to exist as the basis for said second cause of action. By the terms of the agreement between the plaintiff and The Luthy Company the former was entitled to charge a service fee of $250 a month for its services in planning and carrying forward the advertising campaign of said corporation. A present liability on the part of said corporation for the payment of such service fee thus arose as of the date of such agreement, and, hence, of necessity, the liability of the stockholders of said corporation by reason of the obligation thus incurred also took its rise as of the date thereof. The fact that the obli-

gation of the corporation for the payment of such service fee was subject to a contingency in the nature of a condition subsequent which might result in its extinction could in nowise affect the stockholders' liability of these defendants, since such contingency never arose. Under the foregoing decisions applicable to such a situation the action of the plaintiff against the defendants as such stockholders must have been commenced within three years from and after the date of the creation of their aforesaid liability, and not having been so commenced the trial court was correct in sustaining the plea of the statute of limitations as to such second cause of action.

It follows from the foregoing that the judgment of the trial court must be reversed in so far as it relates to the plaintiff's first cause of action, and must be affirmed in so far as it affects the plaintiff's second cause of action. It is so ordered.

Shenk, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.