[Civ. No. 7193. First Appellate District, Division Two.—November 3, 1930.]

THE W. H. MARSTON COMPANY (a Corporation), Respondent, v. F. J. KOCHRITZ et al., Appellants.

B. D. Marx Greene, E. J. Sinclair, John L. McNab, Byron Coleman, Andrew F. Burke and Delger Trowbridge for Appellants.

Keyes & Erskine for Respondent.

NOURSE, P. J.—Plaintiff sued as assignee of W. H. Marston to enforce the stockholders' liability of the defendants, all of whom were stockholders of the Central Alaska Fisheries, Inc. Plaintiff had judgment against the defendants in accordance with their respective liability. Eleven of these defendants have appealed on typewritten transcripts.

In all the appeals but one point is raised which requires consideration, and that is the application of the statute of limitations. The original indebtedness was evidenced by promissory notes executed by the corporation amounting to $128,000. Payment of these notes was guaranteed by W. H. Marston. They were dated over a period from August 6, 1920, to September 30th of the same year. The banks which held the notes were paid by Marston over a period from January 23, 1921, to October 15th of the same year. Marston assigned this claim to the corporation plaintiff, which commenced this action on September 23, 1923. Thus, if the statute of limitations commenced to run from the date of the original obligation of the Fisheries Company, the greater portion of plaintiff's claim would be barred.

■ Appellants argue that Marston's contract was one of guaranty and not one of surety, that his satisfaction of the indebtedness did not extinguish the obligations and that his causes of action are thus barred. The trial court found that Marston guaranteed payment of the notes at the request of the corporation and for its use and benefit. The evidence supports the finding and brings the relation of Marston and the corporation within the definition of a surety as found in section 2831 of the Civil Code. His rights against the corporation and its stockholders are, therefore, such as belong to a surety who has paid the debt and discharged the obligation of his principal. (*Yule* v. *Bishop*, 133 Cal. 574, 578 [62 Pac. 68, 65 Pac. 1094].)

■ This obligation of the principal to the surety arose when the surety paid the original obligation and the statute limiting his right to enforce the liability of the stockholders of his principal commenced to run when this new obligation between principal and surety arose. (*Ryland* v. *Com. etc. Bank*, 127 Cal. 525, 527 [59 Pac. 989]; *Yule* v. *Bishop*, *supra*; *Wills* v. *Woolner*, 21 Cal. App. 528, 529 [132 Pac.

283]; *H. K. McCann Co.* v. *Denny*, 205 Cal. 147, 151 [270 Pac. 190]; *Finch* v. *Finch*, 68 Cal. App. 72, 79 [228 Pac. 553]; *W. H. Marston Co.* v. *Central Alaska Fisheries, Inc.*, 201 Cal. 715 [258 Pac. 933].)

■ We are not impressed with appellants' argument that the section of the Negotiable Instruments Law, which is found in section 3202 of our Civil Code, and which provides that "Where an instrument is paid by a party secondarily liable thereon, it is not discharged" leaves respondent with but the single remedy—a suit on the original instrument. Assuming that the code section applies to a contract of guaranty or suretyship it is manifest that it has not changed the settled rule that a guarantor or a surety who pays the principal obligation has a right of action upon the implied obligation of reimbursement irrespective of what right he might be able to assert in equity by subrogation, equitable assignment, or otherwise. (21 R. C. L. 1106; 28 C. J. 1037.)

The judgment is affirmed.

Spence, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1930.