[No. 4736.]

## GEORGE D. ROBERTS *v.* L. L. TREADWELL.

COMPLAINT ON CONTRACT TO PAY MONEY.—In an action on a contract to pay money, the complaint must allege that the defendant has not paid the indebtedness for the recovery of which the action is brought. An allegation that the whole thereof is now due, is not sufficient.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The complaint averred that the plaintiff, at defendant's request, sold Doane a ten-stamp battery for eight hundred and fifty dollars, and that defendant made and delivered to the plaintiff the following instrument:

"SAN FRANCISCO, August, 1872.

"S. P. Doane, having bought of G. D. Roberts, a ten-stamp battery, at Whisky Diggings, and agrees to pay therefor the sum of eight hundred and fifty dollars, in four equal installments, every three months from this date, I hereby guarantee that the said payments shall be promptly made as above.

(Signed)          "L. L. TREADWELL."

It then averred that *Doane* had not paid the money or any part thereof, and that the whole was due.

The defendant demurred because the complaint did not state facts sufficient to constitute a cause of action in this, that it did not state that the *defendant* had not paid the demand. The court overruled the demurrer, and rendered judgment by default for the plaintiff.

The defendant appealed.

*J. M. Seawell*, for the Appellant.

It is one of the most familiar rules of pleading, that in all actions *ex contractu*, the plaintiff must, in his complaint or declaration, state a breach, by the defendant, of the contract sued on. (1 Chitty Pl. *365; *Frisch* v. *Caler*, 21 Cal. 74.) The contract of the defendant here was, in effect, that if Doane did not pay, he, the defendant, would. The contract is not broken unless the defendant has neglected to pay.

In *Frisch* v. *Caler*, just cited, the court say: "The fact of non-payment is not directly alleged, the allegation being that there is now due, etc., which is a mere conclusion of law, and would not have stood the test of a demurrer."

Chitty says: "And in general, if a breach be assigned in words, containing the sense and substance of the contract, though not in the precise words of such contract, it is sufficient; as if the defendant's promise were to guarantee the payment of the debt of a third person, a breach that the defendant did not pay the debts will suffice." (1 Chitty Pl. *366.)

*Benjamin Morgan*, for the Respondent.

By the COURT:

The complaint did not allege that the defendant had not paid the indebtedness, for the recovery of which this action was brought. It merely averred "that the whole thereof is now due." This defect in the complaint was pointed out by a special demurrer, which was overruled. The insufficiency of the complaint in the respect indicated was adverted to in *Frisch* v. *Caler* (21 Cal. 71).

Judgment reversed and cause remanded.