## CUNNINGHAM et al. v. NORTON.

### No. 15,764; May 23, 1895.

#### 40 Pac. 491.

Guaranty—Consideration.—In an Action by an Assignee on a Guaranty executed to plaintiff's husband for rent under a lease of his property making rents payable to her, plaintiff and her husband testified that the guaranty, the date of which was blank, was executed before the delivery of the lease, and as part of the same transaction. The guarantor admitted that when he signed the guaranty he did not know whether the lease had been delivered, or whether the lessee was in possession of the premises. Held, that the guaranty was good under Civil Code, section 2792, providing that, where an original obligation is entered into in consideration of a guaranty, no other consideration is necessary for the guaranty.

Guaranty.—An Objection of No Consideration for a guaranty cannot be made where the complaint thereon alleges that it was made for a good consideration, and this is not denied in the answer.

Guaranty.—No Notice of the Assignment of a Guaranty for rent is necessary before suit by the assignee, where the guarantor has not made any payment of rent to the assignor.[1]

Guaranty—Assignment.—The Assent of the Guarantor to the assignment of a guaranty for rent is not necessary.

Guaranty to Pay Rent.—In an Action on a Guaranty to pay rent "which remains due and unpaid," it is immaterial whether the lessee could have paid the rent or not.

APPEAL from Superior Court, San Mateo County; George H. Buck, Judge.

---

[1] Cited in Reios v. Mardis, 18 Cal. App. 280, 122 Pac. 1091, as authority for the rule that the assignee of a contract of guaranty may sue in his own name.

Action by Richard Cunningham, administrator, and another, against W. H. Norton, as guarantor, for rent. From a judgment for plaintiffs, defendant appeals. Affirmed.

John M. Lucas for appellant; Edw. F. Fitzpatrick for respondents.

HAYNES, C.—Richard Cunningham was the owner of certain premises known as the "San Bruno Hotel," and leased the same to M. J. McBride, the rent to be paid to his wife, Mary Cunningham, since deceased. Norton, the appellant here, executed a written guaranty that he would pay to Richard Cunningham all rents that might remain due and unpaid, "according to the terms of the written lease of the San Bruno Hotel"; and this action is upon said guaranty, to recover the sum of $550, which the lessee had failed to pay. The complaint alleged that the guaranty was executed and delivered at the time the lease was delivered, and in consideration of the delivery of the lease, as well as for other good and valuable consideration, and that, prior to the commencement of the action, Richard Cunningham, to whom the guaranty was executed, assigned to Mary Cunningham, for a good consideration, said demand and cause of action. The answer denied these allegations, and denied "that there is due from defendant" said or any sum whatever. No other allegations were put in issue by the answer. The cause was tried without a jury, and findings and judgment went for plaintiffs, and this appeal is from the judgment and order denying defendant's motion for a new trial.

Some exceptions were taken to evidence, but, as none of them are specified as error, they cannot be noticed.

It is specified that there was no evidence showing that there was any consideration to support the guaranty. Appellant does not discuss the evidence. He seems to rely upon the claim or assertion that the guaranty was not executed or entered into at the same time the lease was executed. The date of the guaranty was left blank, but Mrs. Cunningham, who was then in life, testified that she was present when the guaranty was signed by defendant; that the lease had not been delivered; that she would not give the lease until he signed the guaranty; and that the whole transaction was done at the same time and place. The defendant testified that Mc-

Bride, the lessee, was his son in law; that he went to the office when the paper was executed, at McBride's request, to become security for him upon the lease, and that he did it to help him, and that he did not know whether the lease had been delivered at that time, or not; and that McBride was then in possession of the leased premises. Upon cross-examination he admitted that he did not know whether McBride was in possession, or not, but supposed he was, while Richard Cunningham testified positively that the lease was not delivered, nor McBride let into possession, until after the guaranty was executed by defendant. The guaranty was therefore good, under section 2792 of the Civil Code.

Appellant also contends that the assignment of the cause of action arising upon the guaranty could not be made without an expressed consideration. The complaint, however, alleged that it was made for a good consideration, and this was not denied in the answer. No notice of the assignment was necessary before suit. The defendant not having made any payment to the assignor, he was not prejudiced. It is immaterial whether McBride could have paid the rent or not. It is conceded that he had not paid it. The fact that he had not was not denied in the answer. The guaranty was not that the lessee was good or solvent, or that the rent was collectible from the lessee, but that he would pay if the lessee did not. The consent of the guarantor to the assignment was not necessary, nor were the rights of the guarantor against McBride affected thereby.

I find no contradiction or inconsistency in the findings, and none are pointed out by counsel. The findings are clearly justified by the evidence, they are not against law, and the court did not err in ordering judgment for the plaintiff. The judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.