[Sac. No. 775. Department Two. — August 14, 1901.]

## A. J. COOK, Respondent, v. FRANK R. ENRIGHT, Appellant.

VENDOR AND PURCHASER — BOND TO CONVEY MINE — POSSESSION — REVERSION OF IMPROVEMENTS — OPTION OF PURCHASER. — A bond to convey a mine, conditioned for a deed thereof on a certain date, provided the purchaser should have paid to the vendor a specified sum, and which gave permission to the purchaser to work the mine, and agreed that in the event of his failure to pay at the time named, the mining property and all improvements thereon should revert to the vendor, and the obligation should be void, only conferred an option upon the purchaser to take the property within the time prescribed.

ID. — ACTION TO RECOVER IMPROVEMENTS REMOVED — TENDER OF DEED UNNECESSARY. — There being no mutual and dependent covenants in the bond to convey the mine, the vendor was not required to tender a deed to the purchaser, in order to put him in default, before commencing an action against the purchaser to recover the possession of improvements wrongfully removed by the purchaser, or the value thereof.

APPEAL from a judgment of the Superior Court of Shasta County. Edward Sweeney, Judge.

The facts are stated in the opinion of the court.

Garter, Dozier & Wells, and Jackson Hatch, for Appellant.

Reid & Bartlett, and Bell & Barber, for Respondent.

THE COURT.—The plaintiff recovered judgment in the court below for certain permanent mining improvements and machinery removed from the plaintiff's premises, or its value, etc. The defendant appeals from the judgment. The case, as presented by the complaint and findings, is as follows: The plaintiff was the owner of the mining claim described in the complaint, from which the machinery was removed. The defendant entered on the premises under a bond executed to him by plaintiff, August 25, 1896, in the sum of ten thousand dollars, conditioned for the execution of a conveyance of the premises to defendant on the twenty-fifth day of February, 1898, provided the latter should have paid to the former the sum of ten thousand dollars. It was also provided in the contract that the defendant should "have the right to the immediate possession of the premises and to work the mine"; and that "in the event of his failure to pay the said sum of ten thousand dollars at the time above mentioned, the said mining property and premises, together with all the improvements thereon, shall revert to and remain the property of the party of the first part, and then this obligation to be void." Indorsed on the bond is a written acceptance of its conditions, signed by the defendant. The effect of the bond is alleged in the complaint, and a copy attached; and it is alleged and found that, pending the defendant's occupation of the land under the agreement, the defendant "placed upon said mining claim, as permanent improvements thereon, permanently affixed thereto, a certain building, and in said building and on said mining claim placed the following described mining machinery and fixtures" (describing it), and "that said above-mentioned articles were permanently attached and affixed to said mining claim." It is found "that said defendant did not, at the time agreed upon, pay said ten thousand dollars, or any part thereof, nor has he at any time since said date, or at all, paid the same, or any part thereof, or offered to pay the same." The machinery, which is alleged to be of the value of four thousand two hundred dollars, was removed by defendant; and the prayer of the complaint is for its possession or value. No affirmative defense is set up by the defendant in his answer.

The only point made by appellant's counsel is, that the plaintiff's alleged right to the machinery is based on the contract, and not on his previous ownership of the land, and that,

in order to maintain his action, an offer or tender to convey was necessary on his part. This point is not tenable. This is not a case of mutual and dependent covenants, as where one is to convey, and the other to purchase and pay the purchase price. In the case at bar the defendant was under no obligation to purchase; he merely had an option to do so within the time prescribed. A tender of a deed was not necessary to put him in default. Under the terms of the contract, his rights had ceased to exist; and in the absence of any equitable claim, or offer to perform, he presents no defense to the action. In deciding this appeal we confine our attention solely to the position taken by appellant.

The judgment appealed from is affirmed.