[Civ. No. 920.    First Appellate District.—February 10, 1912.]

UNION COLLECTION COMPANY, a Corporation, Plaintiff, Respondent, v. E. B. ROGERS, Defendant, Appellant, and ROGERS ENGINEERING COMPANY, a Corporation, Defendant.

ACTION UPON GUARANTY OF INDEBTEDNESS—TERMS OF PAYMENT—PLEADING—PROOF—IMMATERIAL VARIANCE—GUARANTOR NOT MISLED.—Where the complaint, in an action against the individual defendant upon his contract of guaranty of the indebtedness of the corporation defendant to plaintiff's assignor, alleges that by the terms of the written guaranty it was agreed to pay the indebtedness with interest in installments at the rate of $75 per month, but the proof was that the writing merely guaranteed the principal sum with interest, and shows a variance as to the installments, it is held that where such variance could not have misled the guarantor to his prejudice in maintaining his defense that he had signed no guaranty at all of the debt in question, the variance was immaterial.

ID.—TERMS OF PAYMENT IMMATERIAL—LAPSE OF INSTALLMENTS BEFORE SUIT—ABSENCE OF OBJECTION TO EVIDENCE—AVOIDANCE OF OBJECTION.—Whether or not the balance of the indebtedness was payable at once or in installments is of little or no importance, since in either case the whole of the indebtedness was long overdue before the action was commenced, and there was no objection to the evidence or motion for nonsuit on the ground of variance or any ground; and if such objection had been made, it might have been obviated by an amendment to conform the pleading to the proof.

ID.—ALLEGATION AND FINDING AS TO INSTALLMENTS DISREGARDED.—In view of the time of the commencement of the action, the allegation and finding to the effect that the balance of the indebtedness was to be paid at the rate of $75 per month may be disregarded, where there is left the allegation and finding that the principal obligor in writing promised to pay the balance of the indebtedness with the specified interest, and that the appellant in writing guaranteed the payment of the same, the whole balance being due and unpaid when the action was brought.

ID.—NEW TRIAL NOT GRANTABLE FOR VARIANCE NOT OBJECTED TO.—It is held that a new trial should not be ordered on the ground of the variance complained of, especially as the point was not raised in the court below either upon objection to evidence or upon motion for a nonsuit.

ID.—SUPPORT OF FINDING AS TO WRITTEN GUARANTY OF DEBT—CONFLICTING EVIDENCE—PREPONDERANCE.—Where there is a substantial con-

flict in the evidence as to whether the appellant guaranteed in writing the payment of the principal debt, the appellate court cannot disturb the finding of the trial court on the ground that the trial court has not decided in accordance with preponderance of the evidence.

ID.—CROSS-EXAMINATION AS TO EXECUTION OF GUARANTY—STRIKING OUT ANSWER NOT PREJUDICIAL.—It is held that the court did not err to the prejudice of the appellant in striking out his answer on cross-examination denying the execution of the contract of guaranty, where in other answers to other questions the appellant had fully and clearly covered the same matter.

ID.—APPEAL FROM ORDER DENYING A NEW TRIAL—SUPPORT OF JUDGMENT BY FINDINGS NOT REVIEWABLE.—The objection that the judgment is not supported by the findings cannot be raised upon appeal from an order denying a new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Percy L. Shuman, and Charles Baer, for Appellant.

J. S. Reid, for Respondent.

HALL, J.—This action was brought against Rogers Engineering Company, as principal obligor, and E. B. Rogers, as guarantor, to recover the sum of $575.69 and interest.

The defendant corporation was never served with summons and the action was dismissed as to it.

Judgment was recovered against defendant E. B. Rogers as prayed for.

This is an appeal by him from the order denying his motion for a new trial. He also took an appeal from the judgment, but such appeal has been heretofore dismissed because not taken within the time allowed therefor by the statute.

Plaintiff sued as assignee of the Buffalo Gasoline Motor Company, a corporation.

It is in substance alleged in the complaint, among other things essential to a cause of action, that the defendant Rogers Engineering Company, on the twenty-third day of March, 1906, was indebted to the Buffalo Gasoline Motor Company

in the sum of $865.69, and on said day promised in writing
to pay said Buffalo Gasoline Motor Company said sum of
$865.69, and thereupon did pay thereon the sum of $290, and
by said writing further promised to pay the balance of said
indebtedness, to wit, $575.69, with interest thereon at the rate
of six per cent per annum until paid, at the rate of $75 per
month commencing with the fifteenth day of April, 1906.
This is followed by an allegation that appellant at the same
time and place in writing guaranteed the payment of the
said indebtedness and interest, for a valuable consideration.
(The writings sued on were destroyed in the great conflagra-
tion of 1906.)

The court found the above allegations to be true; and the
principal contention of appellant on this appeal is that such
findings are not supported by the evidence.

And this contention is predicated upon the fact that the
evidence shows that, by the terms of the writing, the principal
obligor promised to pay the indebtedness and interest at six
per cent, without any specification as to when such payment
should be made, and the provision that the balance of $575.69
should be paid at the rate of $75 per month was by a parol
agreement only.

In other words, the evidence given supports the allegations
as made in the complaint as to the promise in writing to pay
the balance of the indebtedness of $575.69 with interest at
six per cent per annum, but does not support the allegation
that such payment was to be made at the rate of $75 per
month.

This presents a case of variance between the allegations of
the complaint and the proof, which could have worked no
injury to defendant, and could not have misled him in main-
taining his defense, which was that he had not signed or ex-
ecuted any guaranty at all of the debt in question.

"No variance between the allegation in a pleading and the
proof is to be deemed material, unless it has actually misled
the adverse party to his prejudice in maintaining his action
or defense upon the merits.   Whenever it appears that a party
had been so misled, the court may order the pleading to be
amended upon such terms as may be just."   (Code Civ. Proc.,
sec. 469.)

In the case at bar the evidence given upon behalf of plaintiff shows that the defendant corporation was indebted in the amount alleged, and in writing agreed and promised to pay the same with interest as alleged, and that appellant, who was the president of the principal obligor, in writing guaranteed such payment. Whether or not the balance of the indebtedness was payable at once, or was payable only in installments of $75 per month is of little or no importance, for in either case the whole of such indebtedness was long overdue before the action was commenced. No objection was made to the introduction of the evidence, either upon the ground of variance or any other. If such objection had been made, doubtless the court would have permitted an amendment so that the allegations and proof might correspond. The allegation and finding to the effect that the balance of the indebtedness was to be paid at the rate of $75 per month may be disregarded, and we still have an allegation and finding that the principal obligor in writing promised to pay the balance of the indebtedness, to wit, the sum of $575.69, with interest at six per cent per annum, and that appellant in writing guaranteed the payment of the same. In either aspect of the case the evidence and other findings show that the whole of such balance was long overdue and unpaid when the action was brought. We do not think a new trial should be ordered for the variance complained of, especially as the point was not raised in the court below either upon objection to evidence or upon a motion for a nonsuit. (*Eversdon* v. *Mayhew*, 85 Cal. 1, [21 Pac. 431, 24 Pac. 382].)

Appellant also urges that the finding that appellant guaranteed in writing the payment of the debt is not supported by the evidence.

He concedes that there is a conflict in the evidence upon this point, but urges that the finding in question is not supported by a preponderance of evidence. If there is a substantial conflict in the evidence upon an issue of fact, this court will not disturb the finding of the trial court because it may think that the trial court has not decided in accordance with the preponderance of evidence. The finding in question is supported by the positive testimony given by the witness Reid, and although such testimony was disputed by

appellant, the contention of appellant that the finding in question was not supported by the evidence cannot be sustained.

The court did not err to the prejudice of appellant in striking out an answer that he gave on cross-examination as follows: "I am positive that I signed no paper guaranteeing any claim of any kind on that date," for in other answers that appellant made to other questions he fully and clearly covered the same matter.

The only other point raised by appellant, to wit, that the judgment is not supported by the findings, cannot be raised upon this appeal, being, as it is, an appeal from an order denying a motion for a new trial. (*Hunter* v. *Milam,* 133 Cal. 601, [65 Pac. 1079].)

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.