[S. F. No. 9441. In Bank.—January 3, 1922.]

## HARRY T. BLACKWOOD, Respondent, v. J. H. McCALLUM et al., Appellants.

[1] SURETIES — RECOVERY ON CONTRACTOR'S BOND — PLEADING — PERFORMANCE BY OWNER.—In an action by an owner against the sureties on the bond of a building contractor for breach of the condition of the bond that the sureties would pay all liens placed upon the property arising from the performance of the work or the furnishing of materials in connection therewith, it is not necessary for the plaintiff to allege that he had performed the contract upon his part, since the undertaking was that the contractor and not the owner would perform.

---

1. Effect of stipulation in building contract that alterations or extras must be ordered in writing, notes, Ann. Cas. 1915D, 758; 48 L. R. A. (N. S.) 564.

[2] ID.—MODIFICATION OF CONTRACT—INSUFFICIENCY OF ANSWER.—In
an action by an owner against the sureties on a building con-
tractor's bond to recover money paid to lien claimants to protect
the property from execution sale, an averment in the answer that
the building was erected in accordance with, and pursuant to, a
new and different contract from that for the faithful performance
of which the defendants became sureties is not the statement of an
ultimate fact, but of a conclusion of law.

[3] ID.—CHANGES IN CONTRACT—DEPARTURE FROM PRESCRIBED METHOD
— PROVISION OF BOND — SURETIES NOT EXONERATED.—While an
owner and a building contractor may, as between themselves, waive
the method prescribed by the contract for making certain changes
and alterations in the work, such waiver is not binding on the
sureties without their consent, but such consent is shown where
the bond provides that such changes and alterations may be made
without their consent and that they shall not be released from
liability thereby.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Troutt,
Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Henderson and Hartley F. Peart for Appellant.

Wright & Wright & Stetson for Respondent.

SHURTLEFF, J.—This is an appeal by the defendants,
J. H. McCallum and E. O. Benner, from a judgment against
them and their codefendant, Hansbrough-Johnson Company,
the latter not joining in the appeal.

The complaint alleges that on June 5, 1916, the plaintiff,
as owner, entered into a building contract with the defend-
ant Hansbrough-Johnson Company, whereby the latter
agreed, for the price of $9,712, to erect for plaintiff a two-
story frame residence upon a lot of land in San Francisco;
that to secure the performance of said contract the Hans-
brough-Johnson Company, as principal, and the appellants
McCallum and Benner, as sureties, executed and delivered
to plaintiff a bond in the penal sum of $4,856, conditioned
that said Hansbrough-Johnson Company would in all re-
spects comply with all the terms, covenants, and conditions
of said contract and furnish the materials and perform the
work according thereto, free of liens or claims arising out

of materials furnished or work performed thereunder; that said bond further stipulated that, in the event of any liens being filed upon the building or land upon which it was erected, arising from the performance of the work or furnishing of the materials, or in the event of plaintiff being compelled to pay any sums of money, for said work or materials, by reason of the failure of Hansbrough-Johnson Company to pay the same, then the said McCallum and Benner would repay plaintiff said sums, not exceeding the amount of the bond; that said building was completed on or prior to September 18, 1916, and that on said last-mentioned day notice of completion and acceptance was filed for record in the office of the county recorder of the city and county of San Francisco (this date is evidently a clerical error and should be December 15, 1916); that on January 17, 1917, two claims of lien against the building and land for materials furnished and used in the construction of said building were filed for record and actions were commenced to foreclose them; that in each of these actions the plaintiff and Hansbrough-Johnson Company were named as defendants and were respectively served with the summons and a copy of the complaint in each of them; that the plaintiff appeared and answered in each action; that Hansbrough-Johnson Company made no appearance in either of said actions; that the actions were consolidated and tried; judgments rendered in favor of the claimants, the liens foreclosed and the property ordered sold; that plaintiff was compelled to pay $250 for the services of attorneys in defending said actions; that prior to the commencement of said actions to foreclose said liens plaintiff had paid the defendant Hansbrough-Johnson Company all sums due and owing by him to said company for the work, labor, and materials furnished by it in the construction of said building, "save and except the sum of $746.30, which sum constituted a fund in plaintiff's possession applicable to the payment *pro tanto* of said "final" judgments; that on December 4, 1918, in order to protect said building and property from an execution sale, plaintiff paid said judgments in full, amounting to $2,846.49, for which amount, and the said sum paid for the services of attorneys, less said $746.30, plaintiff asked judgment against the defendants.

The appellants did not demur to the complaint, but answered, admitting, either expressly or by failure to deny the same, all the allegations of the complaint, except the following: Denied that the building was completed in accordance with said contract, but alleged that it was completed by said company in accordance with and pursuant to a new and different contract with plaintiff; denied that there is anything due or owing on account of the payment of said judgment or on any other account; denied that said $746.30 constitutes a fund in plaintiff's possession for the purposes alleged in the complaint. The answer contains the further denial that the company completed the building "on the eighteenth day of September, 1916," which is, in effect, an admission that it was completed upon some other date.

When plaintiff rested, the appellants moved for a nonsuit upon the ground that the building was not completed in accordance with the contract for the faithful performance of which they became sureties, but in accordance with or pursuant to a new and different agreement made between the plaintiff and the Hansbrough-Johnson Company, which motion was denied, and we think properly so.

The court found upon all the issues raised by the answer as follows: That the building was completed on December 15, 1916, and "was not constructed or completed in accordance with or pursuant to a new contract with plaintiff, nor a contract different from the one of June 5, 1916, set forth in said complaint"; that there is due and owing from the defendants, J. H. McCallum and E. O. Benner, and each of them, on account of the payment of the judgments referred to in plaintiff's complaint, after crediting said sum of $746.30 thereon, a balance of $2,100.19 and interest. For these amounts, together with the said sum of $250, paid for attorney's fees, as alleged and not denied, judgment was ordered and entered in favor of plaintiff, in accordance with the findings and conclusions of law.

Defendants raise the point in this court, and for the first time, that the complaint fails to state a cause of action in that it does not allege, either by setting forth the facts showing the same or in the manner permitted by the code (sec. 457, Code Civ. Proc.), that plaintiff has duly kept and performed the covenants and stipulations of the building con-

tract which by its terms are to be kept and performed by him, and which performance appellant claims must be established in order for plaintiff to successfully maintain the action.

[1] But in order to fasten *prima facie* liability upon the defendants' sureties under their bond, it was not essential for plaintiff to allege that he had performed the contract upon his part. Their undertaking was that Hansbrough-Johnson Company, not the plaintiff, would perform the agreement. Furthermore, they by the express terms of their bond agreed to pay all liens placed upon plaintiff's property arising from the performance of the work or the furnishing of materials in connection therewith, and it is the alleged breach of this condition that forms the foundation of the complaint and which breach we think is sufficiently pleaded to state a cause of action. If plaintiff was guilty of any act which would release, in whole or in part, the appellants' obligation as sureties, it was an affirmative defense to be specially pleaded by them, which was not done.

The answer wholly failed to plead any facts showing that the original contract had been modified in a material or in any respect. It did, however, attempt to allege a new contract, but was fatally defective in that regard.

[2] The averment that the building was erected "in accordance with and pursuant to a new and different contract or agreement with plaintiff," which is all the answer contains upon the subject, is not the statement of ultimate fact but of a conclusion of law. Moreover, if treated as an allegation of fact, there is no evidence to support it. If appellants claimed that a different contract had been entered into between plaintiff and their principal, they should have stated its covenants and conditions with sufficient particularity and detail to acquaint plaintiff with its terms, which we have seen they omitted to do. The contract is not pleaded either in the complaint or answer, nor do the findings set it out or state its effect, nor was there any defense pleaded based on premature payments, from which it follows that these questions were not in the case—they were not presented by the pleadings. In short, the appellants made no adequate attempt in their answer to bring themselves within the provisions of sections 2819 and 2840 of the Civil Code, or to show any exoneration

by reason of the suspension or impairment of their remedies or rights against Hansbrough-Johnson Company, and their case cannot be "better proven than alleged."

[3] Appellants make the further contention that certain extra work claimed to have been performed by the Hansbrough-Johnson Company was not "added to the contract" in the method by it prescribed, and that such departure exonerated them, but the pleadings present no such issue, and, in any event, the claim is without merit. The contract provided that the owner or architect could request changes, alterations, or deviations in or omissions from the contract or plans or specifications, and that it should not render it void, and that the rule of practice to be observed in accomplishing such changes and modifications should be that they "be agreed upon and fixed in writing, signed by the owner and the contractor, prior to execution," which in some instances, as appellants claim, was not done here. The contract further declared that "No such change or modification shall release or exonerate any surety or sureties upon any guaranty or bond given in connection with this contract." The foregoing provisions could have been waived, as between the plaintiff and the Hansbrough-Johnson Company, which was the case where modifications were made without first agreeing upon them in writing, but they could not bind the appellants by such waiver without their consent, and the consent is found in the bond, and is as follows: "and their [sureties] written consent must be secured to any change or alterations made in the original drawings or specifications by the said obligee costing in excess [of] one thousand dollars, but any change in the original drawings or specifications involving decreased expenditure on the said contract or an increased expenditure therein of less than one thousand dollars, or not involving any change in cost, may be made without the consent of the sureties and shall not release the sureties from liability hereunder."

The case was tried and decided upon the pleadings as framed and the evidence supports the findings.

Judgment affirmed.

Shaw, C. J., Wilbur, J., Sloane, J., and Lennon, J., concurred.