[L. A. No. 8234. In Bank.—March 26, 1926.]

WALTER T. McELWEE et al., as Special Administrators, etc., Appellants, v. R. E. BECKWITH et al., Respondents.

[1] QUIETING TITLE—ANSWER AND CROSS-COMPLAINT OF VENDEE—DEPOSIT OF PURCHASE MONEY—PLEADING.—In this action by special administrators to quiet title to certain real property as against the claim of a vendee under an option agreement to purchase entered into with the decedent shortly prior to his death, while the answer and cross-complaint of said vendee was ambiguous in the particular as to whether or not the money required to be deposited under the escrow agreement, and which had been withdrawn after its deposit in the first instance, was again deposited to meet the terms of the escrow agreement, said pleading was sufficient, as against a general demurrer, to state a cause of action entitling her to a judgment and decree directing the special administrators to execute and deliver to her a deed to the property in question upon the payment of the agreed purchase price.

[2] VENDOR AND VENDEE—CONTEST OF WILL OF VENDOR—INSANITY—INABILITY TO GIVE CLEAR TITLE—TENDER OF PURCHASE MONEY.—Where the option agreement provided that the title to be given to the vendee was to be "perfect" and that said vendee should have an abstract showing "clear title," and the title company would not issue a certificate of title because of a contest of the will of the decedent (the vendor) by one of the heirs, who claimed that at the time of her death and for some time prior thereto the decedent was insane, the vendee was excused from keeping her tender of the deposit of the purchase money alive during the time said contest was pending; and even if the vendee was during that time unable

---

2.  See 25 Cal. Jur. 678; 26 R. C. L. 643.

to make the payment, the special administrators of the estate of the vendor could not put the vendee in default where they were not able to deliver a clear title, nor an abstract showing clear title, as called for in the option agreement.

[3] Id. — Time of Performance — Judgment. — Where, following the death of the vendor, the vendee petitioned the probate court for an order directing the special administrators to convey the land in controversy in accordance with the option agreement, and an order so directing was made by said court, but said order did not fix the time within which the deed was to be delivered and the money paid, a reasonable time in which to perform was to be inferred; and in a subsequent proceeding wherein the vendee sought a decree directing the special administrators to comply with said order of the probate court, the trial court did not err in giving the vendee thirty days, after notice from the special administrators of their readiness to convey, in which to pay the purchase price.

[4] Judgment — Contempt — Appeal. — On appeal from the decree in such proceeding the appellate court cannot consider the effect of the claimed contempt proceedings had subsequent to the decree of the probate court commanding the special administrators to execute the deed to the vendee of the land in controversy, where the record does not disclose the proceedings had nor the scope and effect of the judgment in said alleged contempt proceedings.

---

(1) 36 **Cyc.**, p. 779, n. 77.   (2) 36 **Cyc.**, p. 696, n. 70; 39 **Cyc.**, p. 1565, n. 91 New.   (3) 24 **C. J.**, p. 615, n. 41 New.   (4) 36 **Cyc.**, p. 784, n. 15 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. O. Wackerbarth, Ward Chapman, L. M. Chapman and Chapman & Chapman for Appellants.

Duke Stone for Respondents.

LENNON, J.—The plaintiffs in this action are the special administrators of the estate of Sila O. Law, deceased. In that capacity they instituted this action against the defendants to quiet title to certain real property described in the complaint. The defendant Beckwith, answering the plain-

---

3.   See 25 **Cal. Jur.** 672; 27 **R. C. L.** 443.

tiffs' complaint, and in effect by way of cross-complaint, pleaded the following facts: Prior to her death and on or about the twentieth day of April, 1922, Sila O. Law, the deceased, executed an option for the purchase of the land in controversy, under the terms of which Mrs. Beckwith was granted the right to purchase the property in controversy for the sum of thirteen thousand dollars in case it should be paid within sixty days from the date of the option. Said option provided the title to be given the defendant was to be "perfect" and that defendant should have an abstract showing "clear title." The defendant further pleaded that a deed was executed and deposited in escrow on the third day of May, 1922, by the deceased, who shortly thereafter died, and that within the time expressed in the option the defendant deposited in escrow the sum of fourteen thousand dollars to cover the purchase price of the property and incidental expenses in connection with the transaction. Owing to the death of the deceased, the answer avers, it became necessary for the defendant to petition the probate court for an order directing the special administrators to convey the land in controversy in accordance with the option agreement, and an order so directing was made by the probate court.

Thereafter one of the special administrators refused to join in the execution and delivery of a deed to the property to the defendant Beckwith and the defendant accordingly prays in this action for a decree directing the special administrators to execute and deliver a deed to the property in controversy here upon the payment of the agreed purchase price.

It is further alleged in the answer that, pending the delay in the perfection of the title to the property in controversy, the money deposited as a tender under the terms of the option agreement, having been borrowed money under a thirty days' time limit, was withdrawn pending the determination by the probate court of a contest of the last will and testament of the deceased based upon the ground that the decedent was of unsound mind at the time of the execution of the will, which was executed on the same day as the deed deposited in escrow by the decedent, and that prior to the institution of the present action the defendant Beckwith procured the money required to be deposited

under the terms of the option agreement and is ready, willing, and able to pay the moneys to said special administrators.

The court below rendered judgment denying relief to the plaintiffs and decreeing that the defendant Beckwith was entitled to a deed to the property involved and ordering the administrators to execute and deliver the deed, and that "within 30 days after plaintiffs notify her [Beckwith] in writing of their ability and readiness to convey such title and to deliver such deed, the defendant R. E. Beckwith shall pay to the plaintiffs the sum of $13,000." It was further decreed that if the defendant Beckwith failed to pay the plaintiffs the moneys provided for in the decree, such failure, in the absence of good cause, would entitle the plaintiffs to quiet title against her.

[1] There is no merit in the contention that the answer of the defendant does not state a cause of action for the relief prayed for therein. While the answer may be ambiguous in the particular as to whether or not the money required to be deposited under the terms of the escrow agreement having been withdrawn after its deposit in the first instance was again deposited to meet the terms of the escrow agreement, nevertheless the answer was good in this particular as against a general demurrer. Moreover, the action was tried and adjudicated upon the theory that the escrow money had been redeposited and retendered prior to the commencement of this action.

[2] We find no merit in plaintiffs' contention that the evidence does not support the finding of the trial court "That the defendant R. E. Beckwith has always been ready, willing and able to pay said purchase price and is now ready, willing and able to do so in accordance with the terms of said option and that the delay in this connection has been caused by the plaintiffs."

It is true that the money originally deposited in escrow by the defendant was withdrawn on the twenty-first day of July, 1922, and that the allegation of defendant's answer is to the effect that from and after the twenty-third day of May, 1923, defendant has been ready and willing and able to pay said moneys. Defendant, however, was excused from keeping said tender alive during the interim of time existing between the dates above mentioned by reason of

the fact that during that time the title company would not issue a certificate of title to the defendant because a contest of the will of Sila O. Law had been filed by one of the heirs, in which it was in substance alleged that Sila O. Law was at the date of her death, to wit, May 4, 1922, and for some time prior thereto, insane. It was the theory of the title company that a determination of insanity of the decedent upon the third day of May, 1922, would necessarily affect the validity of the deed executed by the deceased upon the same day. An adjudication by the court of this point in favor of the sanity of the decedent was not made until June, 1923. Regardless of the correctness of the title company's position the fact remained that the title company did refuse to issue a certificate of title. The plaintiffs were not able to deliver to the defendant a clear title, nor an abstract showing clear title, as called for in the option agreement, and could not, therefore, put the defendant in default even if it be conceded that she was during that time unable to make the payment. (Civ. Code, sec. 1439.)

[3] Plaintiffs complain that the judgment in this cause contained terms that the court had no power to impose, for the reason that the defendant in this action was given thirty days, after notice from the plaintiffs of their readiness to convey, in which to pay the money. To permit the defendant thirty days in which to make the payment would, according to plaintiffs, change and modify the original order of sale of the court in the probate proceedings to the effect that the payment of the purchase price should be concurrent with the delivery of the deed. It will be noted, however, that the original order of the probate court directing the delivery of the deed and the payment of the money did not fix the time within which such delivery and payment should be made. No time having been specified, a reasonable time within which to perform is to be inferred. (Civ. Code, sec. 1657.) Evidently the lower court, when fixing the time of performance, deemed thirty days to be a reasonable time.

[4] We need not discuss the question of the effect of the claimed contempt proceedings had subsequent to the decree of the court, commanding the administrators to execute the deed to the defendant of the land in controversy. The record before us does not disclose the pro-

ceedings had nor the scope and effect of the judgment, if any, in said alleged contempt proceedings.

The trial court found in accordance with the allegations of the defendant's answer and we are satisfied, from a perusal of the record, that the evidence adduced upon the whole case fully supports these findings and that the findings in turn fully support the judgment.

Judgment affirmed.

Richards, J., Lawlor, J., Shenk, J., Seawell, J., Curtis, . J., and Waste, C. J., concurred.

Rehearing denied.