[L. A. No. 10340.  In Bank.—April 15, 1930.]

M. SEGALOFF et al., Respondents, v. E. H. FURMAN et al., Appellants.

Frank Bryant for Appellants.

W. T. Craig, Frank C. Weller and Finlayson, Bennett & Morrow for Respondents.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiffs in an action on a contract of guaranty evidenced by writings dated January 12 and 19, 1925, respectively.

The plaintiffs, Segaloff and wife and Greenberg, contracted to exchange certain real property owned by them in Hollywood for certain installment contracts for the sale of certain lots in a subdivision owned by the defendants in Orange County. As a part of the same transaction the defendants guaranteed in writing that whenever the payments on any of said installment contracts should be delinquent and remain unpaid for three months after June 1, 1925, the defendants would pay the installments in default and would thereafter pay the installments upon said delinquent contracts until the same should be paid in full. Delinquency occurred as contemplated by the contract of guaranty. Demand was made on the defendants for payment in accordance therewith. Upon failure to comply with the demand this action was brought. The signing of the contract was admitted, but the answer set up a special defense of want of consideration, alleging that the sole consideration for the contract of guaranty was certain oral promises made by the plaintiffs at the time the contract was executed which promises had not been performed, and the further special defense of fraud, alleging that the plaintiffs made the alleged oral promises with the intention of not performing the same.

The evidence as to the issues framed by the pleadings was sharply in conflict and the court, within its province, found thereon in favor of the plaintiffs. Under familiar rules such findings may not be disturbed on appeal.

The contract of guaranty recites the execution of the contract of exchange. The documentary evidence fully supports the contention of the plaintiffs that the contract of guaranty was a part of the consideration running to the plaintiffs in the contract of exchange.

We find no abuse of discretion on the part of the trial court in allowing an amendment to the complaint to be

filed during the course of the trial setting up the supplemental contract between the parties of date January 19, 1925. The purpose of the supplemental contract was to make, on behalf of the defendants, the terms of the original contract of guaranty more certain with reference to the amount of the guaranty and on behalf of the plaintiffs to insure the payment by the defendants of interest as well as principal to become due under the contract of guaranty in the event that delinquencies occurred on said contracts of sale. The agreements dated January 12 and January 19, 1925, respectively, constituted one contract of guaranty and as such were properly so impleaded in the complaint as amended.

We find no error in the record and the findings support the judgment.

The judgment is affirmed.

Seawell, J., Richards, J., Curtis, J., Preston, J., and Waste, C. J., concurred.